

**E    X    H    I    B    I    T                    A**

Filed
6/25/2019 1:47 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

95-CR-1187-F(3)

| | | |
|---|---|---|
| **EX PARTE** | § | **IN THE DISTRICT COURT** |
| | § | |
| **YOLANDA SALDIVAR** | § | **214TH JUDICIAL DISTRICT** |
| | § | |
| **TDCJ ID # 00733126** | § | **NUECES COUNTY, TEXAS** |

### STATE'S ANSWER TO APPLICANT'S SUBSEQUENT APPLICATION FOR WRIT OF HABEAS CORPUS

Comes now the State of Texas, by and through its Assistant District Attorney for the 105th Judicial District of Texas and pursuant to article 11.07 Section 3(b) of the Texas Code of Criminal Procedure, and files its Answer to the above-styled subsequent application for writ of habeas corpus.

### I. Statement of the Case

The Applicant, Yolanda Saldivar, was indicted for murder on April 6, 1995, in Cause No. 95-CR-1187-F (214th Dist. Ct. of Nueces Co., Tex.). The case was transferred to Harris County on Applicant's motion for change of venue and became Cause No. 704424 (228th Dist. Ct. of Harris Co., Tex.). However, the presiding judge of the 214th District Court of Nueces County presided over all proceedings in this case, before and after the transfer, including the trial. The Applicant was convicted of murder and sentenced to life in prison, on October 26, 1995, under the Harris County cause number.

With the consent of the Applicant's attorney and the District Attorney for the 105th Judicial District of Texas, and with the approval of the presiding judges of the 214th District Court of Nueces County and the 228th District Court of Harris County, the case was transferred back to the 214th District Court of Nueces County

in December, 2000, pursuant to Texas Code of Criminal Procedure art. 31.08.  All further proceedings occurred in Nueces County.

The Applicant filed her first application for writ of habeas corpus pursuant to art. 11.07 of the Texas Code of Criminal Procedure under the present cause number.  On March 17, 2010 the Texas Court of Criminal Appeals (CCA) denied that application without written order on the trial court's findings without a hearing.  **State's Exhibit A:**  Habeas (1) Denied.

Afterward, the Applicant filed a subsequent application for writ of habeas corpus which, on March 4, 2015, the CCA dismissed as abusive and thus barred from consideration under art. 11.07 §4.  **State's Exhibit B:**  Habeas (2) Dismissed.

The Applicant has now filed her third application for writ of habeas corpus.  Here, she claims that the State withheld exculpatory evidence consisting of a pair of bloody tennis shoes which she says might have undermined the State's case.  She also complains that, if her attorney agreed with the State not seeking admission of the shoes at trial, his performance was deficient.  Records show that the Applicant presently is confined in the Texas Department of Criminal Justice's Mountain View Unit.  **State's Exhibit C:**  TDCJ Offender Information.

## II.  General Denial

The State generally denies the allegations in the present application for writ of habeas corpus.  Matters alleged in the application not admitted by the State are deemed denied.  TEX. CODE CRIM. PROC. art. 11.07 §3(b).  The issues are joined even if the State does not respond to the application.  *Ex parte Empey*, 757 S.W.2d 771, 775 (Tex. Crim. App. 1988).  Responses to specific issues beyond this general denial are set forth below.

## III. **Discussion**

The present application is barred from consideration because the Applicant filed a prior habeas application challenging her conviction which was denied by the CCA after consideration of the merits and she has not satisfied any exception to an affirmative finding for abuse of the writ.    If an applicant challenges her conviction in habeas proceedings under art. 11.07 and her application is denied she cannot litigate another application unless she satisfies an exception.  TEX. CODE CRIM. PROC. art. 11.07 §4; *Ex parte Brooks*, 219 S.W.3d 396, 399–401 (Tex. Crim. App. 2007); *Ex parte Santana*, 227 S.W.3d 700, 703 (Tex. Crim. App. 2007); *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997).    In this case, the Applicant has failed to show that the legal and factual bases for any claims challenging her conviction did not exist at the time she filed her previous habeas application or that, but for a violation of the United States Constitution, no rational juror could have found her guilty beyond a reasonable doubt, a showing which requires *prima facie* evidence of actual innocence.  TEX. CODE CRIM. PROC. art. 11.07 §4; *Ex parte Brooks*, 219 S.W.3d at 401.

Here, the Applicant says that she recently saw a television show where the former district attorney was discussing the case and showed the news reporter the victim's bloody white tennis shoes but, she claims, mistakenly said that they were the Applicant's.  She claims these shoes were never admitted into evidence during trial but if they had been, and if the State then had mistakenly said that they were her shoes, and if the State then also had argued that the blood got on her shoes because the Applicant was chasing the bleeding victim, and if the State then had argued that this evidence tended to show that she had the requisite intent to kill the victim, at that point the Applicant could have showed the jury that they were not her bloody shoes but in fact the victim's, thus disproving the State's theory that she

got blood on her shoes when she gave chase, and in that manner she could have attacked the State's proof of intent.

That those shoes belonged to the victim was a fact so well-known at the time of trial that it made it into the papers. **State's Exhibit D**: News Article from 1995. Thus, it is unclear why the State would now think they were the Applicant's, and she has failed to provide any proof beyond her bare allegations that the former district attorney ever said they were. In any case, the Applicant's argument fails primarily because it depends upon an imaginary trial where the State, operating under a mistaken belief that they were her shoes, relied upon that evidence to meet its burden to prove her intent to kill. In reality, the State did not use those shoes to prove intent or any other theory, so outside of her imagined scenario the shoes are immaterial. The Applicant also has failed to make a *prima facie* case for actual innocence. Actually, the Applicant makes no such claim, only that the State's evidence might have been insufficient if the trial had proceeded according to her imagined scenario. But a claim of insufficient evidence is not the same as a claim of actual innocence. *Ex parte Franklin*, 72 S.W.3d 671, 677 (Tex. Crim. App. 2002). So, the shoes belonged to the victim, they were covered in blood after the Applicant shot her, they are not newly discovered, and they are neither favorable to the defense nor proof of innocence. Because she has had her one bite at the apple, and this subsequent application satisfies no exception, the Applicant has once again abused the writ and her third application should be dismissed.

### IV. Conclusion and Prayer

For the foregoing reasons, the State respectfully requests that the Court find that there are no controverted and previously unresolved fact issues material to the legality of the Applicant's confinement, that expansion of the record by an

evidentiary hearing or otherwise is not needed, and that the assertions contained in the State's Answer are correct. The State also asks the Court to find that the Applicant has previously filed a habeas application challenging her conviction which was denied on its merits by the Texas Court of Criminal Appeals, that she has not satisfied any exception allowing for the litigation of a subsequent application, and to make a recommendation to the Texas Court of Criminal Appeals that the present application be dismissed as an abuse of the writ.

Respectfully submitted,

James Odell
State Bar No. 24063601
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
Telephone: (361) 888-0410
Facsimile: (361) 888-0399
Email: james.odell@nuecesco.com
ATTORNEY FOR THE STATE

## RULE 73.3 CERTIFICATION

In compliance with Texas Rule of Appellate Procedure 73.3, I hereby certify that the number of words in this State's Answer is 1341.

James Odell

**EXHIBIT**

**A**

| Case: | **WR-69,661-03** |
|---|---|
| Date Filed: | 03/04/2010 |
| Case Type: | 11.07 HC |
| Style: | Saldivar, Yolanda |
| v.: | |

## APPELLATE BRIEFS

| Date | Event Type | Description | Document |
|---|---|---|---|
| No briefs. | | | |

## CASE EVENTS

| Date | Event Type | Disposition | Document |
|---|---|---|---|
| 05/14/2010 | MISC DOCUMENT RECD | | |
| 03/31/2010 | MOT FOR RECON DISP | No action necessary - Does not comply with Rule 79.2 D | |
| 03/30/2010 | MOT FOR RECON RECD | | |
| 03/17/2010 | ACTION TAKEN | HC denied W/O written order on TC Fndgs-w/o Hear | |
| 03/04/2010 | WRIT RECEIVED | | |

## CALENDARS

| Set Date | Calendar Type | Reason Set |
|---|---|---|
| 03/17/2010 | STORED | WRIT STORED |

Case: 19-50961     Document: 4     Page: 8     Date Filed: 10/16/2019

## PARTIES

| Party | PartyType | Representative |
|---|---|---|
| SALDIVAR, YOLANDA | Applicant (writs)/Appellant's (cases) | |

## COURT OF APPEALS INFORMATION:

COA Case

Disposition

Opinion

Cite

COA

District

## TRIAL COURT INFORMATION

| | |
|---|---|
| Court | 214th District Court |
| County | Nueces |
| Court Judge | |
| Court Case | 95CR1187-F(1) |
| Reporter | |

To view or print PDF files you must have the Adobe Acrobat® reader. This software may be obtained without charge from Adobe. Download the reader from the Adobe Web site

EXHIBIT

B

| Case: | WR-69,661-05 |
| Date Filed: | 01/08/2015 |
| Case Type: | 11.07 HC |
| Style: | Saldivar, Yolanda |
| v.: | |

## APPELLATE BRIEFS

| Date | Event Type | Description | Document |
|------|-----------|-------------|----------|
| No briefs. | | | |

## CASE EVENTS

| Date | Event Type | Disposition | Document | |
|------|-----------|-------------|----------|---|
| 03/04/2015 | ACTION TAKEN | Dismissed -- See Art. 11.07, Sec. 4 | [ PDF/76 KB ] | Notice |
| 01/08/2015 | WRIT RECEIVED | | [ PDF/74 KB ] | Notice |

## CALENDARS

| Set Date | Calendar Type | Reason Set |
|----------|--------------|-----------|
| 03/04/2015 | STORED | WRIT STORED |

## PARTIES

| Party | PartyType | Representative |
|-------|-----------|----------------|
| SALDIVAR, YOLANDA | Applicant | |

## COURT OF APPEALS INFORMATION:

| COA Case | 14-96-00010-CR |

Case Detail Disposition

**Opinion Cite**

**COA District**    14th Court of Appeals

## TRIAL COURT INFORMATION

**Court**        214th District Court

**County**       Nueces

**Court Judge**

**Court Case**   95-CR-1187-F(2)

**Reporter**

To view or print PDF files you must have the Adobe Acrobat® reader. This software may be obtained without charge from Adobe. Download the reader from the Adobe Web site

Texas Department of Criminal Justice Offender Search                              https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.actio...



Return to Search Results

# Offender Information Details

**SID Number:** 05422564

**TDCJ Number:** 00733126

**Name:** SALDIVAR,YOLANDA

**Race:** H

**Gender:** F

**DOB:** 1960-09-19

**Maximum Sentence Date:** LIFE SENTENCE

**Current Facility:** MOUNTAIN VIEW

**Projected Release Date:** LIFE SENTENCE

**Parole Eligibility Date:** 2025-03-30

**Offender Visitation Eligible:** YES

*Information provided is updated once daily during weekdays and multiple times per day on visitation days. Because this information is subject to change, family members and friends are encouraged to call the unit prior to traveling for a visit.*

## SPECIAL INFORMATION FOR SCHEDULED RELEASE:

**Scheduled Release Date:**
Offender is not scheduled for release at this time.

**Scheduled Release Type:**
Will be determined when release date is scheduled.

**Scheduled Release Location:**
Will be determined when release date is scheduled.

Parole Review Information

## Offense History:

| Offense Date | Offense | Sentence Date | County | Case No. | Sentence (YY-MM-DD) |
|---|---|---|---|---|---|
| 1995-03-31 | MURDER W/DEADLY WPN | 1995-10-26 | HARRIS | 704424 | 9999-99-99 |

Return to Search Results

_The Texas Department of Criminal Justice updates this information regularly to ensure that it is complete and accurate, however this information can change quickly. Therefore, the information on this site may not reflect the true current location, status, scheduled termination date, or other information regarding an offender._

_For questions and comments, you may contact the Texas Department of Criminal Justice, at (936) 295-6371 or webadmin@tdcj.texas.gov. This information is made available to the public and law enforcement in the interest of public safety. Any unauthorized use of this information is forbidden and subject to criminal prosecution._

New Offender Search

Texas Department of Criminal Justice | PO Box 99 | Huntsville, Texas 77342-0099 | (936) 295-6371

Selena: Loss of a hometown hero

https://www.caller.com/story/entertain

EXHIBIT

D

# Selena: Loss of a hometown hero

. Jen Deselms/Caller-Times, Rosemary Barnes/Caller-Times    Published 1:05 p.m. CT April 14, 2015

*Editor's Note: This story first appeared in the Corpus Christi Caller-Times on Saturday, April 1, 1995.*

——

Superstar Selena, who took Tejano music from backyard weddings to 60,000-seat stadium concerts, was shot to death Friday, allegedly by a disgruntled ex-employee.

Police arrested 34-year-old Yolanda Saldivar of San Antonio after a 9 1/2-hour standoff. She surrendered after threatening to commit suicide as she sat in a pickup truck.

"I guess she just got tired," Police Chief Henry Garrett said as Saldivar was taken to the police station for questioning, he said.

The 23-year-old singer was shot in the back before noon at the Days Inn Hotel, 901 Navigation Blvd. She was taken to Memorial Medical Center, where she was pronounced dead at 1:05 p.m.

Nueces County Medical Examiner Dr. Lloyd White said Selena died of severe blood loss after a bullet struck the back of her right shoulder and hit an artery. "She was virtually dead on arrival at the hospital," White said.

After the shooting, Saldivar sat in a red 1994 GMC pickup truck in the hotel parking lot, holding police at bay for hours before surrendering. At times, she pointed a gun to her head, police said.

Hostage negotiators talked to her on a cellular telephone they had given her. In addition to talking with police, Saldivar spoke with relatives over the telephone, police said.

At 7 p.m. police turned floodlights on the vehicle. They also drained the gas tank.

Saldivar surrendered about 9:35 p.m. Police wrestled her to the ground and handcuffed her.

News of Selena's death shocked the community and international music industry. Thousands of cars drove by her house in Corpus Christi. Her husband, Chris Perez, could not be reached for comment.

Carlos Lopez, general manager of KMIQ-105.1 in Robstown, said, "Tejano music is dead for at least today. It's a sad day. Just like when the stock market crashed, this is Black Friday."

Fans and collectors swamped music stores nationwide, buying compact discs and cassettes made by the Grammy-winning star.

Selena's father, Abe Quintanilla, said Saldivar had worked for the singer.

Quintanilla said Selena went to the hotel to meet with Saldivar, who was the former president of the Selena fan club and also ran one of the singer's clothing stores. Saldivar had been staying at the hotel.

4 free articles left. Only 33¢ per week.

He said Saldivar was involved in "money discrepancies" at Selena's store and the fan club. Quintanilla said police asked him not to reveal any details because their investigation is continuing.

"I just want to say my daughter was killed by a disgruntled employee," Quintanilla said. "I don't know all the details."

"It was a misunderstanding relative to employment," said Assistant Police Chief Ken Bung.

A Days Inn housekeeper, identified only as Norma, said she was checking a room around 11:40 a .m. when she heard two women talking and then saw Selena running out of the room.

"She was running from a girl that she had been talking to," Norma said. "Selena ran out of the room and near the pool, and then the girl followed her and shot her while she was running."

After she was shot, Selena ran around the side of the hotel to the front of the lobby, where she encountered Carlos Morales, 19, who was waiting for a ride outside the hotel, Morales said.

"I heard somebody screaming and running and screaming 'Help me,' so I looked back, and I didn't know who she was, I just thought, 'Oh man, she got shot,' " Morales said. "She ran up to me and kind of grabbed onto me, so I carried her inside, into the lobby and then she crawled in behind the counter."

Selena, wearing a green sweatsuit and white tennis shoes, was bleeding from her back and from her chest, Morales said.

"She said 'They shot me. She's in room 158. Lock the door, they're going to come in and shoot me again,' " he said. "I didn't know if whoever shot her was going to come into the lobby and shoot everybody or what. She was just in shock."

After Morales carried her inside, he helped her lay down on the floor while the hotel clerk called police.

"The clerk, she said Selena had checked into the hotel last night (Thursday night)," he said.

An off-duty police officer was in the restaurant of the hotel at the time, Morales said, and also called for help.

"After she laid on the floor she kind of passed out and was just being quiet," Morales said. "We kept telling her, 'You'll be all right.' I was with a friend of mine, and he was holding her where her heart was. It looked she was shot in the back and it (the bullet) came out through the front."

Morales said he never saw the shooter, but after police arrived he went to room 158 to see what was going on. The door was closed, he said.

"The room was all the way around on the other side of the building – she had to have run a long way," he said. "There was blood on the ground, blood all over the door handle, on the carpet, lots of blood everywhere."

Word of her death spread quickly through the city and across the continent, where Selena was idolized by millions.

The lead singer for the band Selena y Los Dinos, Selena was one of the top stars in Tejano music, a modern version of "Tex-Mex," which blends traditional Mexican music and German polka.

Selena had spent most of her life in the music business, collecting Tejano awards along the way.

In 1993, she won a Grammy award. She was in the process of crossing over to the mainstream with the recording of her first English-language album.

Before she was 10 years old, Selena was helping support her family as a singer.

She became a seasoned performer through years of gigs in South Texas, playing at weddings and nightclubs.

She helped usher Tejano music onto a national stage with her last release "Amor Prohibido," which sold 400,000 copies in five months.

A rosary will be recited 7:30 p.m. today at Memorial Funeral Home, 3442 Holly Road. Mass services are pending.

Selena owned a clothing store in Corpus Christi and one in San Antonio, Quintanilla, her father, said. She was negotiating a deal to sell her clothes in Mexico, and was scheduled to fly to Los Angeles today for a concert, he said.

KLVE, radio station 107.9, in Los Angeles was sponsoring that concert. The station said that it instead will hold a mass at the concert site.

4 free articles left. Only 33¢ per week.
"Selena was a very loving person," Quintanilla said. "She cared for people. She did work for the DARE program, to keep kids away from drugs. She was

starting to bloom not only as an artist but as a person."

Quintanilla broke off the news conference when he became too emotional to continue.

The family gathered at her recording studio to console each other, said Nellie Quintanilla, Selena's second cousin.

"The family is taking it very hard, people crying out loud," she said.

Read or Share this story: http://www.caller.com/story/entertainment/people/selena/2015/04/14/selena-loss-of-a-hometown-hero/91947600/

4 free articles left. Only 33¢ per week.

.

**PREVIOUS MOTIONS AND**
**§2254 AND §2241 PETITIONS**

.

August 15, 2019

United States District Court
c/o Clerk of the Court
Western District of Texas
800 Franklin Ave.
Room 380
Waco, Texas 76701

RECEIVED

AUG 26 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

RE:   YOLANDA SALDIVAR v. STATE OF TEXAS
      Cause No.:  95-CR-1187-F
      Trial Court Case No.:  704424

Dear Clerk of the Court:

    Thank you for your response to my letter regarding the cost to purchase
copies of court records regarding filings of 28 U.S.C. §2254 and §2241 Habeas
Corpus actions.  The total amount of copies are 69 according to your explanation
in your August 5, 2019 letter.  Enclosed please find a money order for $34.50
to cover the cost of these copies.

    Thank you for your assistance in this matter.

Respectfully Submitted,

YOLANDA SALDIVAR
TDCJ #733126
Mountain View Unit
2305 Ransom Rd.
Gatesville, Texas  76528



JEANNETTE J. CLACK
CLERK OF COURT

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### 800 Franklin Avenue Room 380
### Waco, TX 76701

PHILIP J. DEVLIN
CHIEF DEPUTY

## August 26, 2019

Yolanda Saldivar
TDCJ-ID #733126
Mountain View Unit
2305 Ransom Road
Gatesville, TX 76528

Re:    Your recent letter

Dear Ms. Saldivar:

This office has received your recent letter regarding all the 28 U.S.C. §2254 & §2241 habeas actions that you have filed in this court. I find three cases of the former and none of the latter. The §2254 cases are: W-11-CV-058, W-14-CV-036 and W-19-CV-231. The petition in W-11-CV-058 is 10 pages long, the Report and Recommendation is 4 pages and the Judgment is 2 pages. In W-14-CV-036, the Motion for Leave to file Federal Writ of Mandamus and §2254 petition is 33 pages long and the Order dismissing is 5 pages and the Judgment is 1 page. In W-19-CV-231, the §2254 petition is 12 pages and the order dismissing is 2 pages long. Copies of these documents may be obtained by sending a check or money order made payable to "Clerk, U.S. District Court" to the address listed above. Copies are $0.50/page. Thank you.

Sincerely,

Mark G. Borchardt
Deputy Clerk

MGB/

733126CopiesLtr080519

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

FILED

MAR 0 7 2011

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE _____WESTERN_____ DISTRICT OF TEXAS

_____WACO_____ Division

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

_____YOLANDA SALDIVAR_____
**PETITIONER**
(Full name of Petitioner)

_____MOUNTAIN VIEW UNIT_____
**CURRENT PLACE OF CONFINEMENT**

_____733126_____
**PRISONER ID NUMBER**

**VS.**

_____RICK THALER_____
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

**W11CA058**

**CASE NUMBER**
(Supplied by the Clerk of the District Court)

---

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3. When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.  Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.  When you have finished filling out the petition, mail the original and two copies to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody. A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library. You may use this list to decide where to mail your petition.

8.  Petitions that do not meet these instructions may be returned to you.

---

## PETITION

**What are you challenging?**  (Check only one)

☐   A judgment of conviction or sentence,          (Answer Questions 1-4, 5-12 & 20-23)
      probation or deferred-adjudication probation

☐   A parole revocation proceeding.          (Answer Questions 1-4, 13-14, & 20-23)

☑   A disciplinary proceeding.          (Answer Questions 1-4, 15-19 & 20-23)

**All petitioners must answer questions 1-4:**

1.  Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
    214th District Court, Judge Mike Westergreen, Nueces County, change of venue to 228th District Court, Harris County

2.  Date of judgment of conviction:  10-26-95

3.  Length of sentence:  LIFE

4.  Nature of offense and docket number (if known):  FIRST DEGREE MURDER

---

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)

    ☐   Not Guilty          ☐   Guilty          ☐   Nolo contendere

6.  Kind of trial: (Check one)          ☐   Jury          ☐   Judge Only

- 2 -                                   CONTINUED ON NEXT PAGE

7.     Did you testify at the trial?   ☐   Yes          ☐   No

8.     Did you appeal the judgment of conviction?          ☐   Yes     ☐   No

9.     If you did appeal, in what appellate court did you file your direct appeal?

_____Cause Number (if known) _____

What was the result of your direct appeal (affirmed, modified or reversed):_____

What was the date of that decision? _____

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Result: _____

Date of result: _____Cause Number (if known):_____

If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

Result: _____

Date of result: _____

10.    Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

☐   Yes          ☐   No

11.    If your answer to 10 is "Yes," give the following information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.

_____

Grounds raised: _____

_____

CONTINUED ON NEXT PAGE

Date of final decision: _____

Name of court that issued the final decision: _____


As to any *second* petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

_____

Date (month, day and year) you _filed_ the petition, application or motion as shown by a file-stamped date from the particular court.
_____

Grounds raised: _____

_____

_____

Date of final decision: _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion.*

12.  Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?

☐   Yes          ☐   No

(a)  If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

_____

_____

(b)  Give the date and length of the sentence to be served in the future: _____

_____

(c)  Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐   Yes          ☐   No

CONTINUED ON NEXT PAGE

## Parole Revocation:

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

    ☐  Yes          ☐ . No

If your answer is "yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?  ☑Yes  ☐ No

16.    Are you eligible for mandatory supervised release?  ☐ Yes  ☑ No

17.    Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

Mountain View Unit, 2305 Ransom Rd., Gatesville, Texas 76528

Disciplinary case number: 20100228844

18.    Date you were found guilty of the disciplinary violation: __4-25-10__

Did you lose previously earned good-time credits?  ☐ Yes  ☑ No

Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: __15 days__

__recreation, 30 days commissary, and 30 days property restriction__

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

    ☑  Yes          ☐ No

If your answer to Question 19 is "yes," answer the following:

__Step 1__ Result: No procedural errors were noted.  The evidence supported the finding of guilt.  The punishment was within guidelines.  There is no valid reason to overturn this case.

Date of Result: __May 03, 2010__

__Step 2__ Result: There was sufficient evidence for the charge and the guilty verdict.  All due process requirements were satisfied and the punishment assessed was within agency guidelines.

- 5 -

CONTINUED ON NEXT PAGE

Date of Result: ___May 24, 2010_____

## All applicants must answer the remaining questions:

20. State clearly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

     **CAUTION:**
     Exhaustion of State Remedies: You must ordinarily present your arguments to the highest state court as to each ground before you can proceed in federal court.
     Subsequent Petitions: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you have exhausted your state court remedies. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your belief that you are being held unlawfully.

DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS. Instead, you must also STATE the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)   Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the consequences of the plea.

(b)   Conviction obtained by the use of a coerced confession.

(c)   Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)   Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)   Conviction obtained by a violation of the privilege against self-incrimination.

(f)   Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to the defendant.

(g)   Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and impaneled.

(h)   Conviction obtained by a violation of the protection against double jeopardy.

(i)   Denial of effective assistance of counsel.

(j)   Denial of the right to appeal.

(k)   Violation of my right to due process in a disciplinary action taken by prison officials.

CONTINUED ON NEXT PAGE

A.   **GROUND ONE:** Prison officials violated Petitioner's due process
rights in a disciplinary action.

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

Prison officials violated Petitioner's "liberty interest" protected by Federal
Established Law under the Fifth and Fourteenth Amendment of the United States
Constitution and Texas Constitution by imposing an unmeritted disciplinary
action against Petitioner resulting in lost privileges and property. Petitioner
was under the discretion of a TDCJ official designee, i.e. Lt. Bailey, decision
making and policy change.

B.   **GROUND TWO:** Prison officials violated a protected property right
in a disciplinary action.

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

Prison officials violated Petitioner's acquired personal property rights
that is protected by Federal Established Law under the Fifth and Fourteenth
Amendment of the United States Constitution and Texas Constitution.
Petitioner was restraint from the freedom of property by removing all of
her printing aparatus, i.e. typewriter and pens, from her possession,
interfering and prohibiting her from completing her appellate post-
conviction agenda in state court through the court system.

C.   **GROUND THREE:** Prison officials violated an Eighth Amendment
prohibition in a disciplinary action.

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

Prison officials subjected Petitioner to endure cruel and unusual punisment
by placing her on restrictions causing unnecessary and wanton infliction of
pain prohibited by Federal Established Law under the Eighth Amendment of the
United States Constitution. Petitioner suffered undue circumstances such as
medical problems, heat exhaustion, eating and drinking without utensils,
harrassment and oppression.

CONTINUED ON NEXT PAGE

D.    **GROUND FOUR:** _____

_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____

_____

_____

_____

_____

21.    Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐   Yes          ☑   No

If your answer is "yes," give the date on which each petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

_____

_____

_____

22.    Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☑   Yes          ☐   No

If your answer is "yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

Because this case involves a prison disciplinary action, it is not reviewable

by the state court and since it involves violations of the Fifth, Eighth, and

Fourteenth Amendments of the United States Constitution, that it is properly

brought by Federal Habeas Corpus petition to this Court.

**CONTINUED ON NEXT PAGE**

23. Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☐     Yes         ☑     No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

_____

_____

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _February 24, 2011_____ (month, date, year).

Executed on ___February 04, 2011___ (date).

_Yolanda Sublin_____

Signature of Petitioner (required)

Petitioner's current address: ___MOUNTAIN VIEW UNIT_____

2305 Ransom Rd.

Gatesville, Texas 76528

YOLANDA SALDANA 733126
Mountain View Unit
2305 Ransom Rd.
Gatesville, Texas 76528

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
UNITED STATES COURTHOUSE
800 FRANKLIN AVENUE, ROOM 380
WACO, TEXAS 76701

Closed 3-5

7008 0150 0002 4450 5076



CERTIFIED MAIL

**FILED**

FEB 17 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

### WACO DIVISION

| | | |
|---|---|---|
| YOLANDA SALDIVAR, | § | |
| TDCJ # 733126, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. W-11-CA-058 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of | § | |
| Criminal Justice, | § | |
| Institutional Division, | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE WALTER S. SMITH, JR.
      UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. §
636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of
the United States District Court for the Western District of Texas, Local Rules for the
Assignment of Duties to United States Magistrate Judges.

## I. BACKGROUND AND STATEMENT OF THE CASE

Petitioner filed this action pursuant to Title 28 U.S.C., section 2254. She has paid the
requisite filing fee and appears before the court pro se. Petitioner is currently in the custody of
the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ-CID") at
the Mountain View Unit in Gatesville, Texas.

1

On October 26, 1995, Petitioner Saldivar was convicted of first degree murder in the 228th District Court of Harris County, Texas and sentenced to life imprisonment. Pet. at 2. In the instant action, however, Petitioner does not challenge her holding conviction. Rather, Petitioner challenges a prison disciplinary conviction (disciplinary case number 20100228844) she received while incarcerated. Pet. at 5. On April 25, 2010, a prison disciplinary hearing officer found the petitioner guilty of a disciplinary violation and imposed punishment of fifteen days without recreation, thirty days without commissary privileges, and thirty days of property restriction. Pet. at 5. The petition affirms that the disciplinary action did not result in any loss of previously earned good-time credit. Pet. at 5.

Petitioner then challenged the disciplinary hearing decision through the prison grievance process. Petitioner submitted both step-one and step-two grievances, both of which were denied. Pet. at 5. Petitioner then filed this action on March 7, 2010, raising the following claims in her federal habeas corpus action: (1) "prison officials violated Petitioner's due process rights in a disciplinary action;" (2) "prison officials violated a protected property right in a disciplinary action;" and (3) "prison officials violated an Eighth Amendment prohibition in a disciplinary action." Pet. at 7.

## II. DISCUSSION

### De minimis punishment

The Supreme Court has held:

> [W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from

> restraint which, while not exceeding the sentence in such an
> unexpected manner as to give rise to protection by the Due Process
> Clause of its own force, nonetheless imposes atypical and
> significant hardship on the inmate in relation to the ordinary
> incidents of prison life.

*Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citations omitted). "These interests are generally

limited to state created regulations or statutes which affect the quantity of time rather than the

quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

Thus, punishments such as verbal reprimands, commissary restriction, cell restriction, property

restriction, time-earning-class reductions, or solitary confinement of up to fifteen days do not rise

to the level of a constitutional violation. *Hailey v. Savers*, 240 F. App'x 670, 672 (5th Cir. 2007).

In the present case, the petitioner bases her constitutional challenge on a claim of improper

restrictions imposed on recreational, commissary, and property privileges. Pet. at 5, 7. By their

nature, these punishments fail to constitute a dramatic departure from the basic conditions of

prison confinement and do not rise to the level of a constitutional violation. *Sandin*, 515 U.S. at

478. Because this disciplinary action does not implicate a federally protected due process interest,

Petitioner fails to state a legally cognizable claim.


### III. RECOMMENDATION

After having carefully reviewed the pleadings, it is the recommendation of the

undersigned that the instant petition be **DENIED**.

The parties may wish to file objections to this Report and Recommendation. A party

filing objections must specifically identify those findings or recommendations to which

objections are being made. The District Court need not consider frivolous, conclusive, or general

3

objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc). To the extent that a party has not been electronically served by the Clerk with this Report and Recommendation pursuant to the CM/ECF procedures of this district, the Clerk is directed to send such party a copy of this Report and Recommendation by a national overnight delivery service having confirmation of pickup and delivery.

SIGNED this _____ day of February, 2012.


JEFFREY C. MANSKE,
UNITED STATES MAGISTRATE JUDGE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### WACO DIVISION

| | | |
|---|---|---|
| YOLANDA SALDIVAR,<br>        Petitioner, | §<br>§<br>§ | |
| vs. | §<br>§ | Civil No. W-11-CA-058 |
| RICK THALER, Director,<br>TDCJ-CID,<br>        Respondent, | §<br>§<br>§ | |

### O R D E R

This case was referred to the United States Magistrate Judge for the Western District of Texas, for findings and recommendations, pursuant to 28 U.S.C. § 636(b). The Court received the Magistrate Judge's Report, which was filed on February 17, 2012. Neither party has filed an objection to the report, thus barring either party from receiving a *de novo* review on appeal of the findings and recommendations. The Petitioner received a copy of the Report and Recommendation on February 24, 2012 but she has not filed any objections. See *Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).

The Magistrate Judge, in a careful and thorough review of the case and applicable law, has recommended that the Petitioner's writ of habeas corpus be denied. This Court, having reviewed this case, finds that the Magistrate Judge's findings and recommendation should be adopted. Accordingly,

**IT IS ORDERED** that the Magistrate's Findings and Recommendation is **ADOPTED.**

**IT IS FURTHER ORDERED** that the Petitioner's writ of habeas corpus is **DENIED.**

**IT IS FURTHER ORDERED** that any pending pre-trial motions are **DENIED** as moot in light of the Court's dismissal of this action.

**SIGNED** on this 16th day of April, 2012.

WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**WACO DIVISION**

| | | |
|---|---|---|
| **YOLANDA SALDIVAR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **vs.** | § | **Civil No. W-11-CA-058** |
| | § | |
| **RICK THALER, Director,** | § | |
| **TDCJ-CID,** | § | |
| **Respondent,** | § | |

## J U D G M E N T

In accordance with the Order of this Court entered on this day adopting the Report and Recommendation of the Magistrate, the Court enters its Judgment as follows:

**IT IS ORDERED, ADJUDGED AND DECREED** that the Magistrate's Findings and Recommendation be and is **ADOPTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Petitioner's writ of habeas is **DENIED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that any pending pre-trial motions are **DENIED** as moot in light of the Court's dismissal of this action.

**SIGNED** on this 14th day of April, 2012.

WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

**FILED**

FEB 0 7 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY
_____ DEPUTY

| | | |
|---|---|---|
| YOLANDA SALDIVAR | § | |
| Petitioner | § | |
| | § | |
| v. | § | Cause No:  704424 |
| | § | |
| STATE OF TEXAS | § | **W14CA036** |
| Respondent | § | |

LEAVE OF COURT TO FILE

FEDERAL WRIT OF MANDAMUS AND

PETITIONER'S FEDERAL 2254

WRIT OF HABEAS CORPUS

MEMORANDUM

Here comes, Yolanda Saldivar, prisoner and in the custody of the Texas Department of Criminal Justice Institutional Division, residing at the Mountain View Unit, 2305 Ransom Rd., Gatesville, Texas 76528, and presents to this Court the following:

**I.  HISTORY**

Petitioner was charged and convicted of First Degree Murder on October 26, 1995 and was sentenced to life in prison.  Subsequently, Petitioner filed a Direct Appeal to the Fourteenth Court of Appeals in 1996 and the Court affirmed the conviction and sentence on October, 1998.  She filed a Petition for Discretionary Review which was denied in 2000.  A State Writ of Habeas

Corpus was improperly filed and later was dismissed by the District Court
in 2000.  The Statute of Limitations to file a Federal Writ of Habeas Corpus
had expired.

## II.  APPLICABLE LAW

Federal Statute 28 U.S.C. §2254 State Custody, Remedies in Federal Courts:

(a)  The Supreme Court or Justice thereof, a Circuit Judge or a
District Court shall entertain an application for a Writ of
Habeas Corpus on behalf of a person in custody pursuant to
the judgment of a State Court only on the ground that he is
in custody in violation of the Constitution, or laws or treatise
of the United States.

(b)(1)  An Application for a Writ of Habeas Corpus on behalf of
a person in custody pursuant to the judgment of a State
Court shall not be granted unless it appears that--
(B)(ii)  circumstances exist that render such process
ineffective to protect the rights of the Petitioner.

Rule 1

(a)  Cases involving a Petition under 28 U.S.C. §2254.  These
rules govern a Petition for a Writ of Habeas Corpus filed
in a U.S. District Court under 28 U.S.C. §2254 by:
(1)  a person in custody under State Court judgment who
seeks determination that the custody violates the
Constitutional laws or treatise of the United States;
and
(2)  a person in custody under a State-Court or federal-
Court judgment who seeks a determination that future
custody under a State-Court judgment would violate
the Constitution laws or treatise of the United States.

Rule 6  Discovery

(a)  A Judge may, for good cause, authorize a party to conduct
discovery under the Federal Rules of Civil Procedure,
and may limit the extent of discovery.
(b)  Requesting Discovery.  A party requesting discovery must
provide reasons for the request.

Federal Rules of Civil Procedure

Rule 44  Proving an official record

(a)  Means of proving
(1)  Domestic Record.  Each of the following evidences
an official record - or an entry in it - that is
otherwised admissible and is kept within the United
States, any state, district, or commonwealth, or

-2-

any territory subject to the administrative or
jurisdiction of the United States.
- (A)  an official publication of the Record; or
- (B)  a copy attested by the officer with legal custody
  of the record - or by the officers deputy -
  and accompanied by a certificate that the officer
  has custody.  The certificate must be made
  under seal:
  - (i)   by a judge of a court of record in the
    district or political subdivision where
    the record is kept; or
  - (ii)  by any public officer with a seal of office
    and with official duties in the district
    or political subdivision where the record
    is kept.
- (b)  Lack of Record.  A written statement that a diligent search
  of designated records revealed no record or entry of a
  specified tenor is admissible as evidence that the records
  contain no such record or entry.

Rule 34   Producing Documents Electronically Stored Information And
Tangible Things....

- (a)  In General:  A party may serve on any other party a request
  within the scope of Rule 26(b)
  - (1)  to produce and permit the requesting party or its
    representative to inspect, copy, test, or sample
    the following items in the responding party's
    possession, custody, or control:
    - (A)  Any designating documents or electronically
      stored-information-including writings, drawings,
      graphs, charts, photographs, sound recordings,
      images, and other data or data compilations-
      stored in any medium from which information
      can be obtained either directly or, if necessary,
      after translation by the responding party into
      a reasonably usable form, or
    - (B)  any designated tangible thing.

Rule 26   Duty to Disclose:  General Provisions Governing Discovery

- (b)  Discovery Scope and Limits:
  - (1)  Scope in General:  Unless otherwise limited by court
    order, the scope of discovery is as follows:  Parties
    may obtain discovery regarding any non-privileged
    matter that is relevant to any party's claim or
    defense - including the existence, description, nature,
    custody, condition, and location of any documents
    or other tangible things and the identity and locations
    of persons who know of any discoverable matter.
    For good cause, the court may order discovery of
    of any matter relevant to the subject matter involved
    in the action.  Relevant information need not be

admissible at the trial if the discovery appears
reasonably calculated to lead to the discovery of
admissible evidence.

Rule 37  Failure to Make Disclosures

(a)  Motion for an Order Compelling Disclosures or Discovery
  (1)  In General.  On notice to other parties and all
    affected persons, a party may move for an order
    compelling disclosure or discovery.  The motion
    must include a certification that the movant has
    in good faith conferred or attempted to confer with
    the person or party failing to make disclosure or
    discovery in an effort to obtain it without court
    action.

Federal Rules of Evidence

Rule 902  Evidence that is Self-Authenticating

(4)  Certified Copies of Public Records.  A copy of an official
  record - or a copy of a document that was recorded or
  filed in a public office as authorized by law - if the
  copy is certified as correct by:
  (A)  the custodian or another person authorized to make
    the certification; or
  (B)  a certificate that complies with Rule 902(1),(2),
    or (3), a federal statute or a rule prescribed by
    the Supreme Court.

III.  ARGUMENTS AND AUTHORITIES

GROUND ONE:

Petitioner inherent right to appeal invoking

Due Process of Law is affected by inaction of a State District Court

Petitioner asserts the right to seek liberty under the Due Process of

Law of the United States Constitution.  In **Wolff v. McDonnell**, 418 U.S. 539,

94 S.Ct. 2963, 41 L.Ed.2d. 935 (1974), the Court squarely held that every

prisoner retains a significant residuum of constitutionally protected liberty

following his incarceration.  Though the prisoner's "rights" may be diminished

by the needs and exigencies of the institutional environment, a prisoner is

not wholly stripped of constitutional protections when he is imprisoned for

crime...[Prisoners] may not be deprived of life, liberty, or property without

due process of law. Id. at 555-56, 94 S.Ct. at 2974. Petitioner argues that
in order for her to prepare and to file an Appeal pro se based on new evidence,
she understands that a review of her criminal record (the Clerk's Record and
the Reporter's Record) must be reviewed before any determination(s) that the
custody that the Petitioner is under by a State Court judgment is not in
violation of the laws of the Constitution. Petitioner has the right to
review the Appellate Record (Clerk's Record and the Reporter's Record) and
file an Appeal pro se (without legal representation). Anders v. California,
386 U.S. 738, 87; S.Ct. 1396 (1967); Gainous v. State, 436 S.W. 2d 137 (Tx.
Cr.App. 1969). Petitioner also understands that she does not have the right
to have free access to the Appellate Record. It must be purchased which the
Petitioner had tried to do.

Having said the above, Petitioner presents this Court her exhausted
efforts to obtain those records: Petitioner has diligently sought and
requested from the District Clerk of the Honorable Judge Jose Longoria of
the 214th District Court, Nueces County, Corpus Christi, Texas (convicting
court) and the District Clerk of the District Courts, Ms. Patsy Perez, to
advise her of the cost of her "complete" trial record (Clerk's Record and
the Reporter's Record) since January 23, 2013. Petitioner received the only
answer back from Ms. Perez on February 26, 2013 asking Petitioner to clarify
what exactly she was requesting. Petitioner did so. But Petitioner did not
again receive any more responses from Ms. Perez or the Clerk of the Honorable
Judge Jose Longoria, even though Petitioner sent letters repeatedly asking
for a status on her request. None came. Therefore, on July 5, 2013,
Petitioner filed a State Writ of Mandamus with the Court of Criminal Appeals
asking the Court to mandate the 214th District Court Clerk or the District
Clerk of the District Courts, Ms. Perez, to provide Petitioner with an answer.

The Court of Criminal Appeals did so.  On September 18, 2013, the Court of Criminal Appeals issued an "ORDER" to the District Clerk of the 214th District Court, Nueces County, Corpus Christi, Texas to respond whether or not Relator (Petitioner) was adivsed of the cost of her criminal records, The Clerk's Record and Reporter's Record, and if not, why not.  The Court also "ORDERED" the District Clerk to respond within 30 days of such said ORDER.  In addition, Petitioner's Writ of Mandamus was held in "Abeyance" until such said ORDER was complied with.  (See Exhibit A - a copy of the ORDER from the Court of Criminal Appeals).  When the 30 days expired on October 18, 2013, The District Clerk had failed to respond to the Court's ORDER in defiance.  Because the Court of Criminal Appeals had not taken action pass the 30 days of its Court ORDER, On November 4, 2013 Petitioner filed a motion asking the Court to proceed in ruling on Petitioner's Writ of Mandamus since its ORDER was ignored. On December 5, 2013, Petitioner received a copy of a letter sent to the District Clerk by the Court of Criminal Appeals Clerk, Mr. Albert Acosta, asking the District Clerk to respond within 10 days why it had not answered the Court's ORDER.  (See Exhibit B - a copy of the letter from Mr. Acosta).  Because the 10 days given by Mr. Acosta to the District Clerk had lapsed, Petitioner sent a letter to Mr. Acosta on December 23, 2013, asking him to MOVE FORWARD Petitioner's Writ of Mandamus for a ruling since it was clear that the District Clerk refused to answer at all.  As of date, Petitioner has not received any action from the Court of Criminal Appeals.

GROUND TWO:

Petitioner is protected against the arbitrary and

oppressive exercise of judicial power by the Substantive DUE PROCESS CLAUSE

Petitioner has in good faith conferred with not only the 214th District Court of the Honorable Judge Jose Longoria District Clerk, the District Clerk

of the District Courts, Ms. Perez, but also with the Court of Criminal Appeals. Federal Rules of Civil Procedure Rule 37(a)(1). Petitioner has done due diligence in an effort to obtain and purchase her criminal records without success. There has been no cooperation whatsoever. Furthermore, Petitioner has respected the ORDER sent by the Texas Court of Criminal Appeals and has patiently awaited for an answer. Still, in complete defiance, both the 214th District Court Clerk and the District Clerk for the District Courts have refused to answer the Petitioner or the Court of Criminal Appeals.

Petitioner at any time during her state custody, has a right to provide a defense if it is in violation of the Constitution. 28 U.S.C. §2254(a). When Petitioner demonstrates due diligence to obtain her trial records and those responsible for the custody of those records dismisses or simply chooses to ignore her repeated request to purchase those trial records and ignores a Court ORDER, it creates circumstances, unbeknown to Petitioner, that impede a judicial process effective which violates Petitioner's rights. Her rights are then not protected. 28 U.S.C. §2254(b)(1)(B)(ii). Under Federal Statute 28 U.S.C. §2254 Rule 1(a)(1), and (2), Petitioner seeks to determine by judicial review that her current custody, and possibly future custody, is not in violation of her constitutional rights. Petitioner's release from institutional life altogether is a far more significant change in a prisoner's freedom and her liberty interest is independently protected by the Due Process Clause of the United States Constitution. Petitioner believes, and the Court of Criminal Appeals seemed to agree by issuing an ORDER, that her criminal records are essential to the filing of any petition or brief.

Therefore, Petitioner files this Federal Writ of Mandamus asking the Federal District Court for the Western District to mandate the Texas Court of Criminal Appeals to make a ruling on Petitioner's State Writ of Mandamus

-7-

which has been held in "Abeyance".  Petitioner further ask this Court to

mandate the 214th District Court of Nueces County District Clerk or the

District Clerk of the District Courts, Ms. Patsy Perez, to respond as to the

whereabouts of Petitioner's trial record (Clerk's Record and the Reporter's

Record).  It has been close to a **YEAR** that Petitioner has been in search of

her criminal records.  It is incongruous and egregious for the convicting

District Court to ignore or refuse to provide Petitioner with the records

that convicted her.  With such behavior, it only lends Petitioner and others,

to speculate or assume that something may be wrong with Petitioner's trial

records being lost, destroyed, or expunged.  And it is further contemptuous

for the 214th District Court and its Clerk to disregard the Texas Court of

Criminal Appeals "ORDER" as insignificant by their silence.

For these reasons, that Petitioner files this Federal Writ of Mandamus.

## CONCLUSION AND PRAYER

WHEREFORE, Petitioner prays that the Court grant her the relief to which she may be entitled.


Respectfully Submitted,

*Yolanda Saldivar*

Yolanda Saldivar
TDCJ #733126
Mountain View Unit
2305 Ransom Rd.
Gatesville, Texas 76528


## CERTIFICATE OF SERVICE

I, Yolanda Saldivar, do hereby certify that the foregoing documents have been sent by regular mail to Federal District Court, Western, Waco Division, 803 Franklin Ave., Room 380, Waco, Texas 76701 on ___4___ day of February, 2014.

*Yolanda Saldivar*
_____
Petitioner


I, Yolanda Saldivar, do hereby certify that the foregoing documents have been sent by regular mail to Attorney General, Mr. Greg Abbott, 300 W. 15th St., P.O.Box 12548, Austin, Texas 78711-2548 on ___4___ day of February, 2014.

*Yolanda Saldivar*
_____
Petitioner


-9-

EXHIBIT      A



**SHARON KELLER**
PRESIDING JUDGE

**LAWRENCE E. MEYERS**
**TOM PRICE**
**PAUL WOMACK**
**CHERYL JOHNSON**
**MIKE KEASLER**
**BARBARA P. HERVEY**
**CATHY COCHRAN**
**ELSA ALCALA**
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

**ABEL ACOSTA**
CLERK
512-463-1551

**SIAN R. SCHILHAB**
GENERAL COUNSEL
512-463-1597

## CORRECTED LETTER        8/20/2013

Yolanda Saldivar
Mountain View Unit - TDC #733126
2305 Ransom Rd.
Gatesville, TX 76528

RE:    Trial Court Writ No.:    704424
       CCA Writ No.:    WR-69,661-04

<u>**This is the correct letter for the status of your original application for writ of mandamus. The postcard that was mailed 7/8/2013 is also incorrect. It should state that your original application for writ of mandamus was received, NOT writ of habeas corpus.**</u>

**IMPORTANT: PLEASE INFORM THIS COURT OF ALL ADDRESS CHANGES IN WRITING.**

- ☐    To obtain Copies of items requested, contact the State Law Library, Inmate Copy Service, at PO Box 12367, Austin Texas 78711-23267.  Please be sure to include your full name and any aliases, TDCJ number, date of conviction, county of conviction, appeal number and complete mailing address.

- ☐    Your records will not be returned to you because once records are received in the Court they become the permanent records of this Court

- ☑    **Your application for original application for writ of mandamus was received on 7/8/2013. The status is:  Pending decision by this court.**

- ☐    Neither the Judges nor the staff of the Court can give legal advice.  We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.

- ☐    Your writ of habeas corpus has not been received in this court.  Please contact the district court for the status of your case.

- ☐    The Court of Criminal Appeals does not provide forms.  Habeas forms may be obtained from the unit law library or contact the District Clerk of the county of your conviction.

- ☐    Your change of address has been received and noted in our system.

Sincerely,

*Abel Acosta*

Abel Acosta
Clerk

SUPREME COURT BUILDING, 201 WEST 14TH STREET, ROOM 106, AUSTIN, TEXAS 78701
WEBSITE: WWW.CCA.COURTS.STATE.TX.US



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-69,661-04

### IN RE YOLANDA SALDIVAR, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 704424 IN THE 214TH DISTRICT COURT
### FROM NUECES COUNTY

*Per curiam.*

## O R D E R

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, she contends that she has contacted the District Clerk of Nueces County to determine how much it will cost her to purchase copies of the clerk's record and reporter's record from her trial. Although the clerk responded to Relator's initial inquiries, Relator alleges that the clerk has not responded to her most recent query, and has not advised Relator of the total cost to purchase her trial records.

In these circumstances, additional facts are needed. Respondent, the District Clerk of Nueces County, is ordered to file a response by stating whether or not Relator has been advised of the total

EXHIBIT    B



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

Wednesday, December 04, 2013

Yolanda Saldivar
Mountain View Unit - TDC #733126
2305 Ransom Rd.
Gatesville, TX 76528

RE:     704424
        WR-69,661-04

Your letter has been received.  Please be advised:

**IMPORTANT: PLEASE INFORM THIS COURT OF ALL ADDRESS CHANGES IN WRITING.**

☐   To obtain Copies of items requested, contact the State Law Library. Inmate Copy Service, at PO Box 12367, Austin Texas 78711-23267.  Please be sure to include your full name and any aliases, TDCJ number, date of conviction, county of conviction, appeal number and complete mailing address.

☐   Your records will not be returned to you because once records are received in the Court they become the permanent records of this Court.

☑   **Your application for original writ of mandamus has been received on Monday, July 08, 2013. The status is:** *MOTION FOR LEAVE TO FILE HELD IN ABEYANCE AND DISTRICT CLERK ORDERED TO RESPOND* on 9/18/2013.

☐   Neither the Judges nor the staff of the Court can give legal advice.  We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.

☐   Your writ of habeas corpus has not been received in this court.  Please contact the district court for the status of your case.

☐   The Court of Criminal Appeals does not provide forms.  Habeas forms may be obtained from the unit law library or contact the District Clerk of the county of your conviction.

☐   Your change of address has been received and noted in our system.

Sincerely,

Abel Acosta
Clerk



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

December 5, 2013

District Clerk Nueces County
Patsy Perez
Box 2987
Corpus Christi, TX 78403

RE:    Saldivar, Yolanda
       Trial Court Case Number - 704424
       CCA Case Number - WR-69,661-04

Dear Clerk:

On 9/18/2013, this Court entered an order requiring you to respond within 30 days by filing a response stating whether or not Relator has been advised of the total cost of purchasing the clerk and reporter's records, and if not, why not. A copy of said order is available on our website under the above referenced writ number. To date no response to this order has been received.

Please take action within the next ten (10) days to explain why you have not complied with the order of 9/18/2013.

Sincerely,

Abel Acosta
Clerk

CC:
Yolanda Saldivar

EXHIBIT          A



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA

JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

## CORRECTED LETTER     8/20/2013

Yolanda Saldivar
Mountain View Unit - TDC #733126
2305 Ransom Rd.
Gatesville, TX 76528

RE:   Trial Court Writ No.:   704424
      CCA Writ No.:      WR-69,661-04

**This is the correct letter for the status of your original application for writ of mandamus. The postcard that was mailed 7/8/2013 is also incorrect. It should state that your original application for writ of mandamus was received, NOT writ of habeas corpus:**

**IMPORTANT: PLEASE INFORM THIS COURT OF ALL ADDRESS CHANGES IN WRITING.**

☐   To obtain Copies of items requested, contact the State Law Library, Inmate Copy Service, at PO Box 12367, Austin Texas 78711-23267. Please be sure to include your full name and any aliases, TDCJ number, date of conviction, county of conviction, appeal number and complete mailing address.

☐   Your records will not be returned to you because once records are received in the Court they become the permanent records of this Court

☑   Your application for original application for writ of mandamus was received on 7/8/2013. The status is: Pending decision by this court.

☐   Neither the Judges nor the staff of the Court can give legal advice. We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.

☐   Your writ of habeas corpus has not been received in this court. Please contact the district court for the status of your case.

☐   The Court of Criminal Appeals does not provide forms. Habeas forms may be obtained from the unit law library or contact the District Clerk of the county of your conviction.

☐   Your change of address has been received and noted in our system.

Sincerely,

Abel Acosta
Clerk



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-69,661-04

### IN RE YOLANDA SALDIVAR, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 704424 IN THE 214ᵀᴴ DISTRICT COURT
### FROM NUECES COUNTY

*Per curiam.*

### <u>O R D E R</u>

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, she contends that she has contacted the District Clerk of Nueces County to determine how much it will cost her to purchase copies of the clerk's record and reporter's record from her trial. Although the clerk responded to Relator's initial inquiries, Relator alleges that the clerk has not responded to her most recent query, and has not advised Relator of the total cost to purchase her trial records.

In these circumstances, additional facts are needed. Respondent, the District Clerk of Nueces County, is ordered to file a response by stating whether or not Relator has been advised of the total

EXHIBIT 



SHARON KELLER
PRESIDING JUDGE

LAWRENCE E. MEYERS
TOM PRICE
PAUL WOMACK
CHERYL JOHNSON
MIKE KEASLER
BARBARA P. HERVEY
CATHY COCHRAN
ELSA ALCALA
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

ABEL ACOSTA
CLERK
512-463-1551

SIAN R. SCHILHAB
GENERAL COUNSEL
512-463-1597

Wednesday, December 04, 2013

Yolanda Saldivar
Mountain View Unit - TDC #733126
2305 Ransom Rd.
Gatesville, TX 76528

RE:     704424
        WR-69,661-04

Your letter has been received.  Please be advised:

**IMPORTANT:  PLEASE INFORM THIS COURT OF ALL ADDRESS CHANGES IN WRITING.**

☐     To obtain Copies of items requested, contact the State Law Library, Inmate Copy Service, at PO Box 12367, Austin Texas 78711-23267.  Please be sure to include your full name and any aliases, TDCJ number, date of conviction, county of conviction, appeal number and complete mailing address.

☐     Your records will not be returned to you because once records are received in the Court they become the permanent records of this Court.

☑     **Your application for original writ of mandamus has been received on Monday, July 08, 2013. The status is:**  *MOTION FOR LEAVE TO FILE HELD IN ABEYANCE AND DISTRICT CLERK ORDERED TO RESPOND on 9/18/2013.*

☐     Neither the Judges nor the staff of the Court can give legal advice.  We recommend you contact Inmate Legal Services at the Texas Department of Criminal Justice, Institutional Division.

☐     Your writ of habeas corpus has not been received in this court.  Please contact the district court for the status of your case.

☐     The Court of Criminal Appeals does not provide forms.  Habeas forms may be obtained from the unit law library or contact the District Clerk of the county of your conviction.

☐     Your change of address has been received and noted in our system.

Sincerely,

*Abel Acosta*

Abel Acosta
Clerk



**SHARON KELLER**
PRESIDING JUDGE

**LAWRENCE E. MEYERS**
**TOM PRICE**
**PAUL WOMACK**
**CHERYL JOHNSON**
**MIKE KEASLER**
**BARBARA P. HERVEY**
**CATHY COCHRAN**
**ELSA ALCALA**
JUDGES

## COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

**ABEL ACOSTA**
CLERK
512-463-1551

**SIAN R. SCHILHAB**
GENERAL COUNSEL
512-463-1597

December 5, 2013

District Clerk Nueces County
Patsy Perez
Box 2987
Corpus Christi, TX 78403

RE:     Saldivar, Yolanda
        Trial Court Case Number - 704424
        CCA Case Number -WR-69,661-04

Dear Clerk:

        On 9/18/2013, this Court entered an order requiring you to respond within 30 days by filing a response stating whether or not Relator has been advised of the total cost of purchasing the clerk and reporter's records, and if not, why not. A copy of said order is available on our website under the above referenced writ number. To date no response to this order has been received.

        Please take action within the next ten (10) days to explain why you have not complied with the order of 9/18/2013.

                                        Sincerely,

                                        Abel Acosta
                                        Clerk

CC:
Yolanda Saldivar

February 4, 2014

U.S. District Court
Waco Division
800 Franklin Ave.
Room 380
Waco, Texas 76701

RECEIVED

FEB 07 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

Re:  Yolanda Saldivar v. State of Texas
     Cause No: 704424

Dear Sir/Madam:

     Enclosed please find Petitioner's Petition for Leave of Court to file
a Federal Writ of Habeas Corpus/Writ of Mandamus.  The filing fee is being
sent by separate letter.  Please present the Petition to the Court.
     Thank you for your assistance in this matter.

Respectfully Submitted,

*Yolanda Saldivar*

Yolanda Saldivar
TDCJ #733126
Mountain View Unit
2305 Ransom Rd.
Gatesville, Texas 76528

cc:  Attorney General
     Mr. Greg Abbott

Yolanda Saldivar, 733126
Mountain View Unit
2305 Ransom Rd.
Gatesville, Tx. 76528

United States District
Waco Division
800 Franklin
Room 380
Waco, Texas 767...



Austin PDC TX
WED 05 FEB 2...

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

RECEIVED
FEB 07 2014
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE    WESTERN    DISTRICT OF TEXAS

WACO    DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

| | |
|---|---|
| YOLANDA SALDIVAR | MOUNTAIN VIEW UNIT |
| **PETITIONER** | **CURRENT PLACE OF CONFINEMENT** |
| (Full name of Petitioner) | |
| | |
| vs. | 733126 |
| | **PRISONER ID NUMBER** |
| | |
| | **W14CA036** |
| RICK THALER | **CASE NUMBER** |
| **RESPONDENT** | (Supplied by the District Court Clerk) |
| (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner) | |

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.   Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.   Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.   Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.   Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

### What are you challenging?  (Check all that apply)

☑  A judgment of conviction or sentence,    (Answer Questions 1-4, 5-12 & 20-25)
     probation or deferred-adjudication probation.
☐  A parole revocation proceeding.          (Answer Questions 1-4, 13-14 & 20-25)
☐  A disciplinary proceeding.               (Answer Questions 1-4, 15-19 & 20-25)
☐  Other:_____              (Answer Questions 1-4, 10-11 & 20-25)

### All petitioners must answer questions 1-4:

Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.   Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 214th District Court of

     the Honorable Judge Jose Longoria, Nueces County, Corpus Christi, Texas

2.   Date of judgment of conviction:    October, 1995

3.   Length of sentence:    LIFE

4.   Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action:    704424

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any second petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?      ☐ Yes   ☑ No

(a)   If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)   Give the date and length of the sentence to be served in the future: _____

_____

-4-

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.   What was your plea? (Check one)   ☑ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6.   Kind of trial: (Check one)   ☑ Jury   ☐ Judge Only

7.   Did you testify at trial?   ☐ Yes   ☑ No

8.   Did you appeal the judgment of conviction?   ☑ Yes   ☐ No

9.   If you did appeal, in what appellate court did you file your direct appeal? __14th Court__

of Appeals _____   Cause Number (if known): __unknown__

What was the result of your direct appeal (affirmed, modified or reversed)? __affirmed__

What was the date of that decision? __October, 1998__

If you filed a petition for discretionary review after the decision of the court of appeals, answer
the following:

Grounds raised: __Prosecutorial misconduct for withholding evidence, Illegal__

__obtain confession, Jury Instruction not given_____

Result: __Denied_____

Date of result: __August, 1999__   Cause Number (if known): __unknown__

If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the
following:

Result: _____

Date of result: _____

10.   Other than a direct appeal, have you filed any petitions, applications or motions from this
judgment in any court, state or federal? This includes any state applications for a writ of habeas
corpus that you may have filed.   ☐ Yes   ☑ No

11.   If your answer to 10 is "Yes," give the following information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

–3–

(c)     Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?    ☐ Yes    ☐ No

**Parole Revocation:**

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?    ☐ Yes    ☐ No

       If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?    ☐ Yes    ☐ No

16.    Are you eligible for release on mandatory supervision?    ☐ Yes    ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

       Disciplinary case number: _____

       What was the nature of the disciplinary charge against you? _____

18.    Date you were found guilty of the disciplinary violation: _____

       Did you lose previously earned good-time days?    ☐ Yes    ☐ No

       If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

       Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
       _____
       _____
       _____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?    ☐ Yes    ☐ No

       If your answer to Question 19 is "Yes," answer the following:

       Step 1 Result: _____

Date of Result: _____

Step 2   Result: _____      _____

Date of Result: _____

## All petitioners must answer the remaining questions:

20.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.   **GROUND ONE:** Petitioner inherent right to appeal invoking Due Process of Law is affected by inaction of State District Court.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner has repeatedly requested the cost of her criminal records. State District Court has refused to provide those records making it impossible for Petitioner to proceed in filing a brief or appeal pro se in state or federal courts. A State court "ORDER" was issued to provide those records but the lower court refused to answer.

B.   **GROUND TWO:** Petitioner is protected against the arbitrary and oppressive exercise of judicial power by the substantive due process clause.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Petitioner finds herself with the uncooperative action of her convicting District Court which has refused to answer higher Court ORDER to provide Petitioner with the substantive records needed to file an appeal against unlawful incarceration. The higher court has taken no further action on its unanswered ORDER.

C.    **GROUND THREE:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

D.    **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

21.    Relief sought in this petition:   That the convicting District Court, 214th District

Court, Nueces County, Provide Petitioner with the ability to purchase her

"complete" criminal record (Clerk's Record and Reporter's Record).  If

the criminal records are lost, destroyed, or expunged, Petitioner seeks

she be granted a New Trial.

_____

_____

_____

-7-

22.    Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?    ☒Yes    ☐No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

Petition was not entertain due to the statute of limitation had expired and

petition denied or dismissed, Petitioner does not recall.

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?    ☐ Yes   ☒No

23.    Are any of the grounds listed in question 20 above presented for the first time in this petition?
☒ Yes    ☐ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

Both grounds are presented for the first time in federal court, both were

presented in a state court, ORDER issued but District Court has failed to

to respond, higher court has failed to take further action.

24.    Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes   ☒No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

25.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)    At preliminary hearing:  D.Tinker, A.Garcia

(b)    At arraignment and plea:  D.Tinker, A.Garcia

(c)    At trial: D.Tinker, A.Garica

(d)    At sentencing:  D.Tinker, A.Garcia

(e)    On appeal:   Pat McGuire

(f)    In any post-conviction proceeding: William Berchelmann, Suzanne Kramer

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____

## Timeliness of Petition:

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over
one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
2244(d) does not bar your petition.[1]

"Based on new evidence", 28 U.S.C. §2254 Rule 1(a)(1) and (2) provides the

Petitioner the means to appeal to determine if her state custody is in

violation of the constitution.  She is unable to do so unless she has her

criminal records to review and determine if a violation has occurred.

Reason for why she files this Federal Writ of Mandamus to force State Court

to provide those records.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d),
provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A)    the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation
of the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____


   I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____*February 4, 2014*_____ (month, day, year).

. Executed (signed) on _____*February 4, 2014*_____ (date).


_____*Yolanda Saldi*_____

Signature of Petitioner (<u>required</u>)


Petitioner's <u>current</u> address: <u>Mountain View Unit, 2305 Ransom Rd. Gatesville, Texas 76528</u>

_____

## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

## WACO DIVISION

| | | |
|---|---|---|
| YOLANDA SALDIVAR,<br>TDCJ # 733126,<br>    Petitioner, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. W-14-CA-036 |
| WILLIAM STEPHENS,<br>Director, Texas Department<br>of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§<br>§ | |

## O R D E R

Before the Court is Petitioner's action that has been docketed as a federal habeas action pursuant to 28 U.S.C. § 2254. Petitioner, who is incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ"), at the Mountain View Unit in Gatesville, Texas, has submitted the applicable filing fee.

Petitioner filed this case on a § 2254 habeas form, indicating that she seeks to challenge her 1995 conviction in Nueces County, Texas, in Cause No. 704424. (Doc. 1, Petition at 2). Petitioner states that she was sentenced to life in prison. (*Id.*). The Court takes judicial notice, however, that her criminal proceeding (Cause No. 704424) originated in Nueces County but, due to a change in venue, was heard in Harris County Texas. (*See Saldivar v. Quarterman*, No. 4:08-CV-1026 (S.D. Tex. 2008) ("*Saldivar I*"), Doc. 25, p. 1).

Petitioner complains in her first ground for relief that "the State District Court has refused to provide [certain criminal] records making it impossible for Petitioner to proceed in filing a brief or appeal pro se in state or federal courts." (Doc. 1 at 6). Petitioner further complains that the "convicting District Court . . . has refused to answer higher court Order to provide [her] with the substantive records needed to file an appeal against unlawful incarceration." (*Id.*). Petitioner asks this Court to compel: (1) the state convicting court in Nueces County to provide Petitioner with the ability to purchase her state criminal record or respond as its whereabouts; and (2) the Texas Court of Criminal Appeals ("TCCA") to rule on her state mandamus petition. (*Id.* at 7; Doc. 2, Memorandum at 7-8). If the criminal records are determined to be lost, destroyed, or expunged, Petitioner asks the Court to order a new trial in connection with her underlying state criminal proceeding. (Doc. 1 at 7).

A careful reading of Petitioner's application and supporting memorandum reveals that she primarily seeks *mandamus* relief against the state district court in Nueces County, Texas, and the TCCA. Although the writ of *mandamus* was abolished by Federal Rule of Civil Procedure 81(b), federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Actions in the nature of *mandamus* are set forth in 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of *mandamus* to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

2

The federal district courts do not have jurisdiction to issue writs of *mandamus*

against a state actor or agency. *See Moye v. Clerk, DeKalb County Superior Court,*

474 F.2d 1275, 1276 (5ᵗʰ Cir. 1973). *See also Noble v. Cain*, 123 Fed. Appx. 151,

152-53 (5ᵗʰ Cir. 2005) (citing *Moye* to hold that " *mandamus* relief ... is not available

to federal courts to direct state officials in the performance of their duties and

function"). The Court, therefore, lacks jurisdiction to grant Petitioner's request for

*mandamus* relief because she seeks issuance of the writ against state actors or

agencies. *See Citizen v. Terrell*, No. 12-2422, 2013 WL 4039379, at *2 (W.D. La.

Aug. 7, 2013).

To the extent that Petitioner seeks federal habeas relief under § 2254, this

Court also lacks jurisdiction to consider a second or successive petition. On April

1, 2008, Petitioner previously filed a § 2254 habeas application seeking to challenge

the same conviction in the United States District Court for the Southern District of

Texas. (*See Saldivar I* at Docs. 1 and 2). By final order and judgment entered on

February 2, 2009, the Court denied and dismissed *Saldivar I* as being time barred.

(*Id.* at Docs. 25 and 26). The Fifth Circuit Court of Appeals subsequently denied her

a Certificate of Appealability. (*Id.* at 45).

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"),

Pub. L. 104-132, 110 Stat. 1214, limits the circumstances under which a state

prisoner may file a second or successive application for habeas corpus relief in

federal district courts. *See* 28 U.S.C. § 2244(b). The AEDPA creates a

"gatekeeping" mechanism at the appellate court for the consideration of second or

successive applications in the district courts. *LaSalle v. Johnson,* No. 2:00-CV-0392, 2001 WL 497766, at *3 (N.D. Tex. May 9, 2001) (quoting *Felker v. Turpin,* 518 U.S. 651, 657 (1996)). It "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Id. (*quoting *Felker,* 518 U.S. at 664). Permission to file a second or successive habeas petition in the district court may be acquired only by filing with the appropriate appellate court a motion for authorization to do so. *In re Epps,* 127 F.3d 364 (5th Cir. 1997) (discussing the procedure for obtaining authorization from the appellate court).

The dismissal of Petitioner's prior federal habeas application as untimely is not the type of ruling that would render the present application non-successive. *See In re Flowers,* 595 F.3d 204, 205 (5th Cir. 2009) (recognizing that the dismissal of a prior § 2254 application as time barred constitutes an adjudication on the merits for purposes of the gate-keeping rules on second or successive petitions). "A prior untimely petition 'count[s] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the . . . substantive claims.'" *Cooper v. Quarterman,* No. 3:07-CV-1875-K (BH), 2008 WL 2894693, at *2 (N.D. Tex. Jul. 16, 2008) (quoting *Altman v. Benik,* 337 F.3d 764, 766 (7th Cir. 2003)). Accordingly, the instant federal habeas application is a second or successive one.

Nothing in Petitioner's application reflects that Petitioner has obtained the requisite authorization to file a second or successive § 2254 habeas application.

4

The Court, therefore, lacks jurisdiction to consider this action to the extent Petitioner seeks federal habeas relief. *See United States v. Key,* 205 F.3d 773, 774 (5th Cir. 2000) (stating that "§ 2244(b)(3)(A) acts as a jurisdictional bar" to the district court asserting jurisdiction over any successive habeas petition or § 2255 motion until the appropriate court of appeals has granted the petitioner permission to file one). Accordingly, it is

**ORDERED** that, to the extent Petitioner seeks either mandamus or federal habeas relief, the instant action is hereby **DISMISSED** for lack of jurisdiction. A Certificate of Appealability shall not issue to Petitioner as she has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**SIGNED** this __13__ day of February, 2014.

WALTER S. SMITH, JR.
**UNITED STATES DISTRICT JUDGE**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

## WACO DIVISION

| | | |
|---|---|---|
| YOLANDA SALDIVAR,<br>TDCJ # 733126,<br>    Petitioner, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil No. W-14-CA-036 |
| WILLIAM STEPHENS,<br>Director, Texas Department<br>of Criminal Justice,<br>Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§<br>§ | |

## J U D G M E N T

In accordance with the Order of this Court entered this date, the Court enters its Judgment as follows:

IT IS ORDERED, ADJUDGED AND DECREED that Petitioner's action is DISMISSED for lack of jurisdiction.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any relief not specifically granted in this Judgment is DENIED.

SIGNED this __13__ day of February, 2014.

_____
WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS



**FILED**

## IN THE UNITED STATES DISTRICT COURT

MAR 2 8 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

FOR THE ___WESTERN___ DISTRICT OF TEXAS

___WACO___ DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY
### A PERSON IN STATE CUSTODY

___YOLANDA SALDIVAR___
**PETITIONER**
(Full name of Petitioner)

___MOUNTAIN VIEW UNIT___
**CURRENT PLACE OF CONFINEMENT**

vs.

___733126___
**PRISONER ID NUMBER**

___DIRECTOR WILLIAM STEPHENS___
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**W19CA231**
**CASE NUMBER**
(Supplied by the District Court Clerk)

---

### INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.    Only judgments entered by one court may be challenged in a single petition.  A separate petition must be filed to challenge a judgment entered by a different state court.

6.    Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.    Mail the completed petition and one copy to the U. S. District Clerk.  The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.  The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.    Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?**  (Check all that apply)

☑  A judgment of conviction or sentence,       (Answer Questions 1-4, 5-12 & 20-25)
    probation or deferred-adjudication probation.
☐  A parole revocation proceeding.            (Answer Questions 1-4, 13-14 & 20-25)
☐  A disciplinary proceeding.                 (Answer Questions 1-4, 15-19 & 20-25)
☐  Other:_____                    (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.    Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 214th DISTRICT COURT,

NUECES COUNTY, CORPUS CHRISTI, TX CHANGE OF VENUE TO THE 228th

DISTRICT COURT, HARRIS COUNTY, HOUSTON, TEXAS

2.    Date of judgment of conviction: 10-23-95

3.    Length of sentence: LIFE

4.    Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action:

95-CR-1187-F

-2-

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)   ☑ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☑ Jury   ☐ Judge Only

7. Did you testify at trial?   ☐ Yes   ☑ No

8. Did you appeal the judgment of conviction?   ☑ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? _____

   14th Court of Appeals          Cause Number (if known): 14-96-10-CR

   What was the result of your direct appeal (affirmed, modified or reversed)? AFFIRMED ___

   What was the date of that decision?   OCTOBER, 1998 _____

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: WITHHOLDING EVIDENCE, CHALLENGE TO VENOIRE, JURY _____

   INSTRUCTION, CONFESSION ADMITTED _____

   Result:    DENIED _____

   Date of result: SEPTEMBER, 1999    Cause Number (if known): _____

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result:    N/A _____

   Date of result:    N/A _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☐ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: UNITED STATES DISTRICT COURT _____

    Nature of proceeding:   FEDERAL HABEAS CORPUS _____

    Cause number (if known):   W-14-CA-036 _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:   2013, UNKNOWN MONTH OR DAY

Grounds raised: THE DENIAL OF CRIMINAL RECORDS BY THE CONVICTING

COURT

Date of final decision: FEBRUARY 13, 2014

What was the decision? DISMISSED

Name of court that issued the final decision: U.S.S DISTRICT COURT, WESTERN DIST.

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: STATE COURT OF CRIMINAL APPEALS

Nature of proceeding: APPLICATION FOR A WRIT OF HABEAS CORPUS

Cause number (if known): 95-CR-1187-F(2)

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
NOVEMBER 24, 2014

Grounds raised: DENIAL OF CONSTITUTIONAL RIGHT UNDER THE 5th and 14th AMENDMENT

DUE PROCESS OF LAW CHALLENGING THE LOST OR DESTRUCTION OF CRIMINAL TRIAL
RECORDS AND THE INABILITY TO PROCEED FURTHER.
Date of final decision:    MARCH 4, 2015

What was the decision?  DISMISSED

Name of court that issued the final decision: STATE COURT OF CIMINAL APPEALS

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?       ☐ Yes    ☑ No

(a)   If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)   Give the date and length of the sentence to be served in the future: _____

_____

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☐ No

## Parole Revocation:

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
☐ Yes   ☐ No

16.    Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
_____

Disciplinary case number: _____

What was the nature of the disciplinary charge against you? _____

18.    Date you were found guilty of the disciplinary violation: _____

Did you lose previously earned good-time days?   ☐ Yes   ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
_____

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
_____

_____

_____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
☐ Yes   ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1  Result: _____

Date of Result: _____

Step 2 Result: _____

Date of Result: _____

## All petitioners must answer the remaining questions:

20.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.   **GROUND ONE:** PROSECUTOR VIOLATED PETITIONER'S DUE PROCESS CLAUSE OF THE 14th AMENDMENT OF THE U.S. CONSTITUTION BY WITHHOLDING FAVORABLE EXCULPATORY MATERIAL EVIDENCE.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THE PROSECUTOR WITHHELD TANGIBLE EXCULPATORY PHYSICAL EVIDENCE (i.e. WHITE TENNIS SHOES, BLACK BASEBALL CAP) FROM THE DEFENSE AS HE APPEARED IN A MEDIA INTERVIEW ON MARCH 16, 2018, 23 YEARS AFTER THE CONVICTION AND SENTENCED OF THE PETITIONER IN NOVEMBER, 1995 AND PRESENTED THESE ITEMS.   NO WHERE ARE THESE ITEMS INTRODUCED TO THE JURY AS EVIDENCE.

B.   **GROUND TWO:** PROSECUTOR ABRIDGED PETITIONER'S CONSTITUTIONAL RIGHT BY SUBVERTING HER EQUAL PROTECTION OF THE LAWS.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

THE PETITIONER HAS NEVER MADE A CONSCIOUS AND INTENTIONAL WAIVER OF HER CONSTITUTIONAL RIGHTS ASSERTED IN HER FOURTEENTH AMENDMENT CLAIM DERIVED FROM HER SIXTH AMENDMENT RIGHT.   THE DEFENDANT WAS NOT ABLE TO PROVIDE AN ADEQUATE DEFENSE AVAILABLE TO HER BECAUSE THE PROSECUTOR DID NOT DISCLOSED ALL THE EVIDENCE IN HIS POSSESSION TO THE JURY.

C. **GROUND THREE:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

D. **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21.  Relief sought in this petition: __AUTHORIZATION TO FILE A SUCCESSIVE 2254 FEDERAL__

__WRIT OF HABEAS CORPUS, CERTIFICATE OF APPEALABILITY AND NEW TRIAL.__

_____

_____

_____

_____

_____

_____

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☑Yes  ☐No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

JULY, 2013, WESTERN DISTRICT, WACO DIVISION, DISMISSED FOR LACK OF

JURISDICTION

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☑No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes    ☐ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

GROUND ONE:   NEWLY DISCOVERED EVIDENCE DUE PROCESS OF LAW

GROUND TWO:   VIOLATIONS OF EQUAL PROTECTION OF THE LAWS

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☑No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)   At preliminary hearing: MR. DOUGLAS TINKER _____

(b)   At arraignment and plea: MR. DOUGLAS TINKER . _____

(c)   At trial: MR. DOUGLAS TINKER, ARNOLD GARCIA, FRED HAGANS, PATRICIA SAUM

(d)   At sentencing: SAME AS (c) _____

(e)   On appeal: MR. PATRICK McGUIRED _____

(f)   In any post-conviction proceeding: Mr. ROY GREENWOOD _____

(g)     On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26.     If your judgment of conviction, parole revocation or disciplinary proceeding became final over
        one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
        2244(d) does not bar your petition.[1]

        BECAUSE THE DATE ON WHICH THE FACTUAL PREDICATE OF THE CLAIM

        OR CLAIMS PRESENTED COULD      HAVE BEEN DISCOVERED THROUGH

        THE EXERCISE OF DUE DILIGENCE.

        _____

        _____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d),
provides in part that:

    (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)     the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation
of the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such State action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

    (2)     The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Wherefore, petitioner prays, that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_March 25, 2019_____ (month, day, year).

Executed (signed) on ___March 25, 2019_____ (date).

_____

Signature of Petitioner (required)

Petitioner's current address: _Mountain View Unit, 2305 Ransom Rd._
_Gatesville, Texas 76528_

March 25, 2019


United States District Court
Western District
Waco Division
800 Franklin Ave.
Room 380
Waco, Texas 76701


Re:  YOLANDA SALDIVAR v. STATE OF TEXAS
     Trial No.: 95-CR-1187-F


Dear Sirs/Madam:

     Enclosed please find 2 copies of Petitioner's 2254
Petition for a Writ of Habeas Corpus by a person in state
custody and Motion/Memorandum in support of the petition with
a Prima Facie showing.  Please present this petition to this
Honorable Court.

     In regards to the filing fee for this petition of $5.00,
a separate letter with a money order will be sent for this
petition fee.  This is because there is a delay in withdrawing
funds from an offender's trust fund.

     Thank you for your assitance in this matter.


Respectfully submitted,

Yolanda Saldivar
TDCJ #733126
Mountain View Unit
2305 Ransom Rd.
Gatesville, Texas 76528

YOLANDA SALDIVAR
    #733126
MOUNTAIN VIEW Unit
2305 Ranson Rd
GATESVILLE, Texas 76528

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **YOLANDA SALDIVAR #733126** | § | |
| | § | |
| **V.** | § | **W-19-CA-231-ADA** |
| | § | |
| **LORIE DAVIS** | § | |

## ORDER OF DISMISSAL

Before the Court is Petitioner's Motion for the Authorization to File a Second or Successive 2254 Federal Writ of Habeas Corpus and Certificate of Appealability. Title 28 U.S.C. § 2244(b) provides before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the *appropriate court of appeals* for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) (emphasis added). Petitioner mistakenly files her request for permission to file a successive application in the district court. To the extent Petitioner is seeking to file a successive application, her request is dismissed for want of jurisdiction because she must seek permission from the Fifth Circuit, not this Court. To the extent she is simply filing a habeas corpus application in this Court, pursuant to § 2244(b), the Court finds this successive application for writ of habeas corpus should be dismissed for lack of jurisdiction because Petitioner has not obtained prior approval to file a successive habeas corpus application. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997).

1

It is therefore **ORDERED** that Petitioner's Motion for the Authorization to File a

Second or Successive 2254 Federal Writ of Habeas Corpus and Certificate of

Appealability is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, and this

case is **CLOSED**.

It is finally **ORDERED** that a certificate of appealability is denied.

**SIGNED** on March 29, 2019

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 10/99)

# IN THE UNITED STATES DISTRICT COURT

## FOR THE _____SOUTHERN_____ DISTRICT OF TEXAS

_____SOUTHERN_____ Division

United States Bankruptcy Court
Southern District of Texas
FILED

APR - 1 2008

Michael N. Milby, Clerk

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

YOLANDA SALDIVAR
**PETITIONER**
(Full name of Petitioner)

LANE MURRAY UNIT
**CURRENT PLACE OF CONFINEMENT**

733126
**PRISONER ID NUMBER**

VS.

BRAD LIVINGSTON
**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of petitioner)

**CASE NUMBER**
(Supplied by the Clerk of the District Court)

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten, and signed by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum.

3.  When the Clerk of Court receives the $5.00 filing fee, the Clerk will file your petition if it is in proper order.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-ID, you must send in a certified *In Forma Pauperis* Data Sheet from the institution in which you are confined. If you are in an institution other than TDCJ-ID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. If you want to challenge judgments entered by different courts, either in the same state or in different states, you must file separate petitions as to each court.

6.  Include all your grounds for relief and all the facts that support each ground for relief in this petition.

7.  When you have finished filling out the petition, mail the original and two copies to the Clerk of the United States District Court for the federal district within which the State court was held which convicted and sentenced you, or to the federal district in which you are in custody.  A "VENUE LIST," which lists U.S. District Courts in Texas, their divisions, and the addresses for the clerk's office for each division, is posted in your unit law library.  You may use this list to decide where to mail your petition.

8.  Petitions that do not meet these instructions may be returned to you.

---

## PETITION

### What are you challenging?  (Check only one)

☑  A judgment of conviction or sentence,    (Answer Questions 1-4, 5-12 & 20-23)
   probation or deferred-adjudication probation
☐  A parole revocation proceeding.    (Answer Questions 1-4, 13-14, & 20-23)
☐  A disciplinary proceeding.    (Answer Questions 1-4, 15-19 & 20-23)

### All petitioners must answer questions 1-4:

1.  Name and location of the court (district and county) which entered the conviction and sentence that you are presently serving or that is under attack:
    Out of the 214th Judicial District Court Venue transferred to the
    228th Judicial District Court, Harris County

2.  Date of judgment of conviction:    October 26, 1995

3.  Length of sentence:    Life

4.  Nature of offense and docket number (if known):    First Degree Murder

---

### Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:

5.  What was your plea? (Check one)

    ☑  Not Guilty    ☐  Guilty    ☐  Nolo contendere

6.  Kind of trial: (Check one)    ☑  Jury    ☐  Judge Only

-2-

CONTINUED ON NEXT PAGE

7.   Did you testify at the trial?   ☐   Yes   ☑   No

8.   Did you appeal the judgment of conviction?   ☑   Yes   ☐   No

9.   If you did appeal, in what appellate court did you file your direct appeal?

_14th Court of Appeals_   Cause Number (if known) _____

What was the result of your direct appeal (affirmed, modified or reversed): _Affirmed_

What was the date of that decision? _October 1, 1998_____

If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

Result: _Refused_____

Date of result: _August 18, 1999_ Cause Number (if known): _____

If you filed a petition for *writ of certiorari* with the United States Supreme Court, answer the following:

Result: _____

Date of result: _____

10.   Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state application for writ of habeas corpus that you may have filed.

☑   Yes   ☐   No

11.   If your answer to 10 is "Yes," give the following information:

Name of court: _214th Judicial District Court, Nueces County_

Nature of proceeding: _Article 11.07 Application_____

Cause number (if known): _____

Date (month, day and year) you _filed_ the petition, application or motion as shown by a file-stamped date from the particular court.
                _September 23, 2000_
_____

Grounds raised: _Fifth, Sixth and Fourteenth Amendments of the_

_United States Constitution violations_____

- 3 -

CONTINUED ON NEXT PAGE

<u>Date</u> of final decision:    P e n d i n g

Name of court that issued the final decision:    S t i l l   P e n d i n g

As to any _**second**_ petition, application or motion, give the same information:

Name of court:    C o u r t   o f   C r i m i n a l   A p p e a l s

Nature of proceeding:    A p p l i c a t i o n   f o r   W r i t   o f   M a n d a m u s

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court.    *March 27, 2008*

Grounds raised:    R e s p o n d e n t ' s   f a i l u r e   t o   r e s p o n d   t o   t h e

f i l i n g   o f   A r t i c l e   1 1 . 0 7   A p p l i c a t i o n

<u>Date</u> of final decision:    P e n d i n g

Name of court that issued the final decision:    S t i l l   P e n d i n g

_If you have filed more than two petitions, applications, or motions, please attach an additional sheet of paper and give the same information about each petition, application, or motion._

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?             ☐    Yes        ☑    No

(a)    If your answer is "yes," give the name and location of the court that imposed the sentence to be served in the future:

(b)    Give the date and length of the sentence to be served in the future: _____

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?

☐    Yes        ☐    No

CONTINUED ON NEXT PAGE

**Parole Revocation:**

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications, or motions in any state or federal court challenging your parole revocation?

          ☐    Yes              ☐    No

       If your answer is "yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?          ☐ Yes      ☐ No

16.    Are you eligible for mandatory supervised release?          ☐ Yes      ☐ No

17.    Name and location of prison or TDCJ Unit that found you guilty of the disciplinary violation:

       _____

       Disciplinary case number: _____

18.    Date you were found guilty of the disciplinary violation: _____

       Did you lose previously earned good-time credits?          ☐ Yes      ☐ No

       Identify all punishment imposed, including the length of any punishment if applicable, any changes in custody status, and the number of earned good-time credits lost: _____

       _____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?

          ☐    Yes              ☐    No

       If your answer to Question 19 is "yes," answer the following:

       Step 1 Result: _____

       _____

       Date of Result: _____

       Step 2 Result: _____

       _____

- 5 -                                    CONTINUED ON NEXT PAGE

Date of Result: _____

**All applicants must answer the remaining questions:**

20.    State <u>clearly</u> every ground on which you claim that you are being held unlawfully.
       Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages
       stating additional grounds and facts supporting them.

       **CAUTION:**
       <u>Exhaustion of State Remedies:</u> You must ordinarily present your arguments to the highest
       state court as to each ground before you can proceed in federal court.
       <u>Subsequent Petitions:</u> If you fail to set forth all grounds in this petition, you may be barred
       from presenting additional grounds at a later date.

Following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each
statement is a separate ground for possible relief. You may raise any grounds, even if not listed below, if you
have exhausted your state court remedies. However, <u>you should raise in this petition all available grounds</u>
(relating to this conviction) on which you base your belief that you are being held unlawfully.

<u>DO NOT JUST CHECK ONE OR MORE OF THE LISTED GROUNDS</u>. Instead, you must also STATE
the SUPPORTING FACTS for ANY ground you rely upon as the basis for your petition.

(a)    Conviction obtained by a plea of guilty which was unlawfully induced, or not made voluntarily, or
       made without an understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by the use of a coerced confession.

(c)    Conviction obtained by the use of evidence gained from an unconstitutional search and seizure.

(d)    Conviction obtained by the use of evidence obtained from an unlawful arrest.

(e)    Conviction obtained by a violation of the privilege against self-incrimination.

(f)    Conviction obtained by the prosecution's failure to tell the defendant about evidence favorable to
       the defendant.

(g)    Conviction obtained by the action of a grand or petit jury which was unconstitutionally selected and
       impaneled.

(h)    Conviction obtained by a violation of the protection against double jeopardy.

(i)    Denial of effective assistance of counsel.

(j)    Denial of the right to appeal.

(k)    Violation of my right to due process in a disciplinary action taken by prison officials.

- 6 -                                           CONTINUED ON NEXT PAGE

A.  **GROUND ONE:**  Conviction obtained in an unconstitutional prejudicial
and purposefully manner in selecting jurors.

Supporting FACTS (tell your story briefly without citing cases or law):

The court of appeals unreasonably applied clearly established Federal Law

as determined by the United States Supreme Court in failing to recognize

Applicant's valid challenge and determining that trial counsel failed to

timely preserve the complaint.  The State exercised its peremptory strikes

in a purposefully prejudicial manner and failed to provide a racially

neutral reason for doing so.

B.  **GROUND TWO:**  Conviction obtained in violation of Applicant's due process
Sixth Amendment right of effective confrontation and cross-examination.

Supporting FACTS (tell your story briefly without citing cases or law):

The appellate court unreasonably applied clearly established Federal Law

in holding that Applicant's due process Sixth Amendment right of effective

confrontation and cross-examination was not violated.  The Applicant was

harmed when the court of appeals upheld the trial court's failure to

grant the motion for new trial based on the newly discovered, wrongfully

withheld, impeachment evidence pertaining to one of the State's main

witnesses.

C.  **GROUND THREE:**  Conviction obtained by the use of an unlawful obtained
confession after invocation of rights.

Supporting FACTS (tell your story briefly without citing cases or law):

The court of appeals unreasonably applied the law interpreting the Fifth

and Sixth Amendments of the United States Constitution, in holding that

the trial court did not err in failing to suppress the Applicant's

written confession obtained after invocation of rights.  The appellate

court erroneously reasoned that the Applicant's request to speak with an attorney was not unambiguous, and that she was not in custody at the time she made the request.

**D.    GROUND FOUR:    Conviction obtained in violaton of a substantial right to instruct jury on admitted extraneous offenses.**

Supporting FACTS (tell your story briefly without citing cases or law):

**General**  The court of appeals unreasonably applid cleary established Federal Law as determined by the United States Supreme Court in overruling Applicant's point of error that she suffered harm from the failure of the trial court to instruct the jury about the limited purpose for which evidence of extraneous offenses was admitted.  The court of appeals erred by failing to discern the difference amn a preserved charge harm analysis, unpreserved charge harm analysis, and a Rule 44 "beyond a reasonable doubt" harm analysis.

**Specific**  The court of appeals erred in overruling the Applicant's point of error that she was harmed when the trial court erred in admitting evidence of extraneous misconduct despite the State's failure to give adequate, nonspecific, timely notice under Rule 404(b); abused its discretion in admitting unfounded prejudicial evidence of extraneous misconduct during the guilt/innocence phase of the trial; in admitting harmful hearsay evidence regarding extraneous misconduct in violation of Applicant's right to confront and cross-examine witnesses against her; and in failing to give a limiting instruction regarding extraneous misconduct, as required by Rule 105(a).

**E.    GROUND FIVE:    Conviction obtained in violation of a constitutional right against Applicant's failure to testify.**

Supporting FACTS (tell your story briefly without citing cases or law):
The appellate court unreasonably applied clearly established Federal Law
in holding that the prosecutor's comments did not amount to an
impermissible comment on the Applicant's failure to testify, in violation
of the Applicant's rights under the Fifth Amendment of the United States
Constitution.

F.   **GROUND SIX:** Conviction obtained in violation of the Sixth and
Fourteenth Amendment of the United States Constitution on Jury
Instruction on Sudden Passion.

Supporting FACTS (tell your story briefly without citing cases or law):
The court of appeals erred in overruling Applicant's poin of error
wherein she asserted she suffered harm when the trial court denied the
requested punishment instruction of sudden passion.

D.    **GROUND FOUR:**  Please see 7(a) and (b)

_____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_____

_____

_____

_____

_____

21.    Have you previously filed a federal habeas petition attacking the same conviction, parole revocation, or disciplinary proceeding that you are attacking in this petition?

☐    Yes            ☑    No

If your answer is "yes," give the date on which <u>each</u> petition was filed, the federal court in which it was filed, and whether the petition was (a) dismissed without prejudice or (b) denied.

_____

_____

_____

22.    Are any of the grounds listed in paragraph 20 above presented for the first time in this petition?

☐    Yes            ☑    No

If your answer is "yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

CONTINUED ON NEXT PAGE

23.   Do you have any habeas corpus proceedings or appeals now pending in any court, either state or federal, relating to the judgment or proceeding under attack?

☑ Yes          ☐ No

If "yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

Article 11.07 Application in the 214th Judicial District

Court, Nueces County and filed on September 23, 2000.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _March 27, 2008_ (month, date, year).

Executed on _March 27, 2008_ (date).

_Yolanda Saldivar_
Signature of Petitioner (required)

Petitioner's current address: _Lane Murray Unit_
_1916 N. Hwy 36 By Pass_
_Gatesville, Texas 76596_

-9-

March 19, 2008


United States District Court
for the Southern District of Texas
P.O.Box 61010
Houston, Texas   77208

United States Bankruptcy Court
Southern District of Texas
FILED

APR - 1 2008

Michael N. Milby, Clerk

Re:  2254 Federal Writ

Dear Sir/Madam:

     Enclose please find my pro se defendant's 2254 Federal
Writ which includes three copies as required by this Court.
Please file this Writ and bring it to the attention of the
Court.
     Because to get a $5.00 money order withdraw done through
my inmate trust fund account taking 6-8 weeks to complete,
please be advised that this $5.00 fee is on its way by a
separate letter certified/registered mail rather than to
submit it along with this package.
     I also request that you notify me of the Court's ruling
on my Writ.


Sincerely,

*Yolanda Saldivar*

Defendant's pro se
Yolanda Saldivar
TDC # 733126
Lane Murray Unit
1916 N. Hwy 36 By Pass
Gatesville, Texas  76596

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 2 5 2009

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| YOLANDA SALDIVAR, #733126 | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1026 |
| | § | |
| NATHANIEL QUARTERMAN | § | |
| DIRECTOR, TDCJ-CID | § | |

## OPINION AND ORDER

Before the Court is Petitioner's "Objections to Magistrate Judge's Final Judgment" and Petitioner's "'Supplemental' to her Objections." (Docket Entry ("Doc.") Nos. 27 & 28). As a preliminary matter, since the parties consented to the jurisdication of this Court (28 U.S.C. § 636 (c)), Petitioner's objections are misplaced. Notwithstanding, the Court considers Petitioner's objections and supplement to her objections (hereinafter referred to as "Petitioner's Motions") as a motion for reconsideration. FED. R. CIV. P. 59.

In Petitioner's Motions, she requests the Court reconsider the decision that her federal writ of habeas corpus is time barred and, in the alterative, reconsider the decision that she is not entitled to equitable tolling. Petitioner attaches numerous exhibits to her Motions which she contends support her position. However, reviewing Petitioner's Motions, along with her exhibits, only solidifies the Court's conclusion that Petitioner's federal writ of habeas corpus is time barred. Moreover, Petitioner's assertion that a state created impediment existed since the state never ruled upon her Article 11.07 state writ of habeas corpus, is simply unavailing. As discussed by this Court in its previous Order, there is simply no record that a state post-conviction

Case: 19-50961     Document: 4     Page: 102     Date Filed: 10/16/2019

Case 4:08-cv-01026   Document 34   Filed on 02/24/09 in TXSD   Page 2 of 2

petition was ever actually filed on behalf of Petitioner, nor does Petitioner offer any competent summary judgment evidence of its filing. Finally, even considering Petitioner's Motions and the attached exhibits, the Court once again finds that no exceptional circumstances exist which would warrant equitable tolling in this case. The Court, therefore, concludes that Petitioner's Motions for reconsideration (Doc. Nos. 27 & 28) must be, and they are hereby, **DENIED.**

DONE at Brownsville, Texas, this _24th_ day of February, 2009.

JOHN R. FROESCHNER
UNITED STATES MAGISTRATE JUDGE

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

## FOR THE ___WESTERN___ DISTRICT OF TEXAS

___WACO___ DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY
### A PERSON IN STATE CUSTODY

*(stamp: U.S. COURT OF APPEALS RECEIVED OCT 15 2019 FIFTH CIRCUIT)*

| | |
|---|---|
| YOLANDA SALDIVAR | MOUNTAIN VIEW UNIT |
| **PETITIONER** | **CURRENT PLACE OF CONFINEMENT** |
| (Full name of Petitioner) | |

vs.

733126
**PRISONER ID NUMBER**

| | |
|---|---|
| MR. CAROL MONROE | |
| **RESPONDENT** | **CASE NUMBER** |
| (Name of TDCJ Director, Warden, Jailor, or | (Supplied by the District Court Clerk) |
| authorized person having custody of Petitioner) | |

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.     Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.     Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.     Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.     Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

### What are you challenging? (Check all that apply)

☒    A judgment of conviction or sentence,    (Answer Questions 1-4, 5-12 & 20-25)
        probation or deferred-adjudication probation.

☐    A parole revocation proceeding.    (Answer Questions 1-4, 13-14 & 20-25)

☐    A disciplinary proceeding.    (Answer Questions 1-4, 15-19 & 20-25)

☐    Other:_____    (Answer Questions 1-4, 10-11 & 20-25)

### All petitioners must answer questions 1-4:

**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.     Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: <u>214th DISTRICT COURT</u>

<u>NUECES COUNTY, CORPUS CHRISTI, TX CHANGE OF VENUE TO THE 228th</u>

<u>DISTRICT COURT, HARRIS COUNTY, HOUSTON, TEXAS</u>

2.     Date of judgment of conviction: <u>10-23-95</u>

3.     Length of sentence: <u>LIFE</u>

4.     Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action:_____

<u>95-CR-1187-F</u>

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)   ☒ Not Guilty     ☐ Guilty     ☐ Nolo Contendere

6. Kind of trial: (Check one)     ☒ Jury          ☐ Judge Only

7. Did you testify at trial?   ☐ Yes    ☒ No

8. Did you appeal the judgment of conviction?   ☒ Yes    ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? _____

   14th COURT OF APPEALS        Cause Number (if known): 14-96-10-CR

   What was the result of your direct appeal (affirmed, modified or reversed)? affirmed

   What was the date of that decision?   OCTOBER, 1998

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: WITHHOLDING EVIDENCE, CHALLENGE TO VENOIRE, JURY

   INSTRUCTION, CONFESSION ADMITTED, INEFFECTIVE ASSISTANCE OF COUNSEL

   Result:   DENIED

   Date of result: SEPTEMBER, 1999     Cause Number (if known): _____

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result:   N/A

   Date of result:  N/A

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes    ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: UNITED STATES DISTRICT COURT

    Nature of proceeding:    FEDERAL HABEAS CORPUS

    Cause number (if known):   W-14-CA-036

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: <u>2013, UNKNOWN MONTH OR DAY</u>

Grounds raised: <u>THE DENIAL OF CRIMINAL RECORDS BY THE CONVICTING</u>

<u>COURT</u>

Date of final decision: <u>FEBRUARY 13, 2014</u>

What was the decision? <u>DISMISSED</u>

Name of court that issued the final decision: <u>U.S. DISTRICT COURT, WESTERN DIST.</u>

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: <u>STATE COURT OF CRIMINAL APPEALS</u>

Nature of proceeding: <u>APPLICATION FOR A WRIT OF HABEAS CORPUS</u>

Cause number (if known): <u>95-CR-1187-F(2)</u>

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
<u>NOVEMBER 24, 2014</u>

Grounds raised: <u>DENIAL OF CONSTITUTIONAL RIGHT UNDER THE 5th and 14th</u>

<u>AMENDMENT DUE PROCESS OF LAW CHALLENGING THE LOST OR DESTRUCTION</u>
<u>OF CRIMINAL TRAIL RECORDS AND THE INABILITY TO PROCEED FURTHER.</u>
Date of final decision: <u>MARCH 4, 2015</u>

What was the decision? <u>DISMISSED</u>

Name of court that issued the final decision: <u>STATE COURT OF CRIMINAL APPEALS</u>

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.    Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?        ☐ Yes    ☒ No

(a)    If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

_____

(b)    Give the date and length of the sentence to be served in the future: _____

_____

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?    ☐ Yes    ☐ No

## Parole Revocation:

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?    ☐ Yes    ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?    ☐ Yes    ☐ No

16.    Are you eligible for release on mandatory supervision?    ☐ Yes    ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18.    Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?    ☐ Yes    ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____

    _____

    _____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes    ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____

Date of Result: _____

<u>Step 2</u>  Result: _____  _____

Date of Result: _____

**<u>All petitioners must answer the remaining questions:</u>**

20.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: <u>To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.  **GROUND ONE:** Prosecutor violated Petitioner's Due Process Clause of the

14th AMENDMENT OF THE U.S. CONSTITUTION by withholding favorable exculpatory Mmaterial evidence.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The prosecutor withheld exculpatory physical evidence (i.e. White Tennis

shoes, cap) from the defense and the jury, evidence not introduced at trial.

He revealed them in an interview 23 years later where he claimed belonged

to the Petitioner and the activity she exhibited causing the death of the

victim.  This is newly discovered evidence as it was never introduced to the jury.

B.  **GROUND TWO:** Prosecutor violated Petitioner's 6th AMENDMENT OF THE U.S.

CONSTITUTION right to effective assistance of counsel.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

By the prosecutor withholding these exculpatory material evidence, the

defense could not have adequately prepare a defense to cross-examine the

evidence since the prosecutor claimed that the tennis shoes belonged to

Petitioner who had followed the victim and had stepped on the victim's

blood.  This evidence was probative as it was part of the victim's clothing.

C.  **GROUND THREE:** Prosecutor abridged Petitioner's constitutional right
by subverting her Equal Protection of the Laws.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The Petition has never made a conscious and intentional waiver of her
constitutional rights asserted in her Fourteenth Amendment claim derived
from her Sixth Amendment right.  The Petitioner was not able to provide an
adequate defense available to her because the prosecutor did nto disclose
all the evidence in his possession to the jury.

D.  **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21.  Relief sought in this petition:   That a Certificate of Appealability be granted
to the Petitioner.

_____

_____

_____

_____

_____

_____

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☒Yes   ☐No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

JULY, 2013, WESTERN DISTRICT, WACO DIVISION, DISMISSED FOR LACK OF JURISDICTION

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☒ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?   ☒ Yes   ☐ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

GROUND ONE: VIOLATION OF PETITIONER'S DUE PROCESS CLAUSE

GROUND TWO: VIOLATION OF PETITIONER'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

GROUND THREE: VIOLATION OF PETITIONER'S EQUAL PROTECTION OF THE LAWS

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: MR. DOUGLAS TINKER

(b) At arraignment and plea: MR. DOUGLAS TINKER

(c) At trial: MR. DOUGLAS TINKER, ARNOLD GARCIA, FRED HAGANS, Ms. PATRICIA NASWORTHY

(d) At sentencing: SAME AS (C)

(e) On appeal: MR. PATRICK McGUIRE

(f) In any post-conviction proceeding: MR. ROY GREENWOOD

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____

_____

## Timeliness of Petition:

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_BECAUSE THE DATE ON WHICH THE FACTUAL PREDRATE OF THE_

_CLAIM OR CLAIMS PRESENTED COULD HAVE BEEN DISCOVERED THROUGH_

_THE EXERCISE OF DUE DILIGENCE_

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

 

     I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_October 9, 2019_____ (month, day, year).

Executed (signed) on ___October 9, 2019_____ (date).

_____

Signature of Petitioner (<u>required</u>)

Petitioner's <u>current</u> address: ___Mountain View Unit, 2305 Ransom Rd.,___

___Gatesville, Texas 76528_____

–10–



United States Court of Appeals
7th Circuit
OFFICE OF THE CLERK, Ms. Fredriston
600 S. MAESTRI PLACE
SUITE 115
New Orleans, LA 70130

JOLANDA SALDIVAR
#758126
MOUNTAIN VIEW Unit
2305 Ransom Rd.
GATESVILLE, TX 76528